(3 Misc. Rep. 582.)

DUEBER WATCH–CASE MANUF'G CO. v. E. HOWARD WATCH &
CLOCK CO. et al.

(Supreme Court, Special Term, New York County.  May 27, 1893.)

CONSPIRACY—CIVIL ACTION—PLEADING.

> A complaint alleged that defendants, who were engaged in a business
> similar to that of plaintiff, in furtherance of a conspiracy to ruin plaintiff,
> agreed not to sell any of their goods to any person who should deal in
> plaintiff's goods, and that notice of such agreement was given. *Held,* on
> demurrer, that the complaint sufficiently alleged damage to plaintiff, as
> well as the fact of a conspiracy.

Action by the Dueber Watch-Case Manufacturing Company
against the E. Howard Watch & Clock Company; the American
Waltham Watch Company; the Bay State Watch-Case Company;
the Brooklyn Watch-Case Company; the Cheshire Watch Company;
the Courvoisier-Wilcox Manufacturing Company; the Elgin National
Watch Company; the Illinois Watch Company; the Keystone
Watch-Case Company; the Seth Thomas Clock Company; James H.
Noyes; Joseph Fahys, Henry F. Cook, and George E. Fahys, composing the firm of Joseph Fahys & Co.; George M. Bacon and Joseph
M. Bates, formerly composing the firm of Bates & Bacon; Jacob
Muhr and Simon Muhr, composing the firm of H. Muhr's Sons; and
Frank Duhme, Charles Duhme, and one Galbreath, formerly composing the firm of Duhme & Co.  The E. Howard Watch & Clock
Company demurs to the complaint.  Overruled.

For reports of other proceedings in this litigation, see 21 N. Y.
Supp. 341, 342; 22 N. Y. Supp. 69, 1107; 55 Fed. Rep. 851.

Wilbur & Oldham, for plaintiff.
Sullivan & Cromwell, for defendants.

PATTERSON, J. ᐧThis action is brought against many defendants, corporations, and individuals to recover damages for alleged wrongs committed by each or all of them, in tortiously diverting from the plaintiff its trade, or some part thereof, and inducing its customers to desert it, by certain alleged threats and intimidation. The questions to be considered arise on the demurrer of one of the defendants, only,—a corporation,—and those questions relate to the sufficiency of the averments of the complaint, as constituting a cause of action, under the peculiar facts therein set forth. In substance, the averments are that the defendant demurring and others were engaged in a business similar to that carried on by the plaintiff, and that the defendants entered into a conspiracy to break up or ruin the plaintiff's business, and that to accomplish such result an agreement was made among them that they would not sell any goods manufactured by them, or either of them, to any person, firm, association, or corporation who thereafter shall buy or sell goods manufactured by the plaintiff; that the defendants, through an agent, or agents employed by them, gave notice of this agreement to dealers in the articles referred to, who had previously dealt with manufacturers of the same articles, including the plaintiff; that many of such dealers thereupon refrained from buying goods from the plaintiff; that the defendants did, in fact, after the notice was given, refuse to deal with persons who had dealt with the plaintiff, and informed such persons that if they would promise not to buy or sell, or in any wise deal in, the wares manufactured by the plaintiff, then, and so long as such promise was kept, they might deal with the several defendants, but not otherwise; that the agreement among the several defendants also embraced a feature of enhancing prices, and was made with the intention of coercing the plaintiff to join them in a monopoly, and to crush competition; that there was a conspiracy and combination to ruin the plaintiff's business unless it would unite with the defendants in an unlawful scheme; that; in consequence of the refusal of the plaintiff to confederate with the defendants in the promotion and furtherance of this alleged illegal scheme, the defendants and their agents have placed the plaintiff under a ban, have successfully intimidated its customers, and diverted its business, and caused it enormous losses.

The difficulty with the demurrer in this case is that it admits facts which, as they are stated in the complaint, make out a good cause of action. Whatever the real merits of the controversy may be, all that is now before the court is as to what is conceded by the demurrer to be the actual state of the case between the parties, as presented by the complaint. It is admitted, for instance, that the defendants (and the demurrant among them) did enter into an agreement, and did attempt to coerce the plaintiff to combine with them in the project to control the market, and create a monopoly, and that on its failure to do so they struck at the life of the plaintiff's business, by refusing to deal with any one who did business with it. This is an admission, not only of acts, but, in a sense, of loss or damage in consequence of such acts. On

the allegations, of the complaint, therefore, admitted by the demurrer, the action is maintainable. There can be no doubt of the rule of law stated by the counsel for the defendants,—that in a civil action the mere fact of a conspiracy existing is not sufficient to constitute a cause of action. In a general sense, that is true. It has often been so held, and the reason of the rule is fully stated by Chief Justice Nelson in Hutchins v. Hutchins, 7 Hill, 104, which is recognized as a leading case on this subject, both in this country and in England. The trespass or wrong or injury is the gravamen of the so-called civil action of conspiracy; and in Buffalo Lubricating Oil Co. v. Standard Oil Co., 106 N. Y. 669, 12 N. E. Rep. 825, it is said that damages caused by the conspiracy may be recovered against a corporation, and so far as this defendant is concerned that is just the case. The gist of the action is not the confederation, but the wrong. The demurring defendant is a corporation, and the damage claimed to have been sustained by the plaintiff is attributed to its wrongful action in connection with the other defendants. The suggestion that no damage appears unless there is a slander of, or some specific statement made affecting the character of, the wares of the plaintiff, or something affecting its solvency, is not a sound distinction. The question is, on the whole complaint, whether an actionable wrong was done by all or any of the defendants, and that requires the consideration of another argument advanced by the learned counsel for the demurrant in his presentation of the case. The claim is made that any dealer or associated dealers have a right to refuse to sell or buy from any particular person. That is an incontrovertible rule of law, in its general expression. There may be a right to fix prices, and crush out competition, in a legitimate business effort to do that, and nothing more, and to combine for that purpose, as was held in Bowen v. Matheson, 14 Allen, 499, and in the recent case of Steamship Co. v. McGregor, 21 Q. B. Div. 544. But these cases are plainly distinguishable from this. In the Steamship Case, Lord Coleridge formulated the rule applicable to these causes. He says:

"If the combination is unlawful, then the parties to it commit a misdemeanor, and are offenders against the state; and if, as the result of such unlawful combinations and misdemeanor, a private person receives a private injury, that gives such person a right of private action."

By the statutes of this state it is a misdemeanor to commit any act injurious to trade or commerce. Pen. Code, § 168, subd. 6. To combine to create a monopoly and to ruin all who will not unite in the undertaking, is certainly injurious to trade and commerce; and in the case at bar, such, according to the allegations of the complaint, is what is charged. Here there is no mere combination to drive a competitor from the market by simply exercising a legal right. The real basis of the action is that, because the plaintiff would not unite with the defendants in doing an illegal thing, they, or some of them, willfully and maliciously confederated to ruin its business, and that some or all of them have partially succeeded in so doing. It is not a case, as the complaint stands, of the freedom of

trade. There is not an appearance of a purpose on the part of the defendants to increase their own business, but only to crush out a rival who would not join with them, or some of them, in an asserted illegal · purpose. I am therefore of the opinion—simply passing upon this complaint, and nothing else—that its allegations· are sufficient, and that the demurrer should be overruled, with costs, with leave to the defendant demurring to withdraw the demurrer, and answer over, on the payment of costs within 20 days.