THE HASKELL COUNTY BANK *et al.* v. THE BANK OF
SANTA FÉ.

1. FRAUDULENT CONSPIRACY — *Nonjoinder of Actions.* An action to recover damages against a number of defendants for a fraudulent conspiracy cannot be joined with an action to obtain a cancellation of a certificate of deposit owned and held by one of said defendants alone, even though such certificate was obtained as one of the fruits of the conspiracy.

2. DEMURRER — *Overruling, Error.* Where facts sufficient to constitute both of such causes of action are blended in the same petition, without any separation, and the plaintiff prays judgment bôth for the damages and for a cancellation of such instrument, and a demurrer is filed by the defendant alleging an improper joinder of several causes of action, such demurrer should be sustained.

3. DAMAGES — *Erroneous Instruction.* Only such damages as accrue from actions done prior to the commencement of the suit can be included in the recovery in this case; and it is error for the court to instruct the jury that they may include attorneys' fees, expenses and damages incurred in an action brought subsequent to the commencement of this case in their verdict herein.

### *Error from Haskell District Court.*

ACTION by the *Bank of Santa Fé* against the *Haskell County Bank* and seven other defendants, to cancel a certificate of deposit held by defendant bank, and for damages for a conspiracy against remaining defendants. There was a judgment against defendant bank, and against defendants *Rosenthal, Kern,* and *Wadsworth,* and all the defendants have joined in a petition in error in this court. All the material facts are stated in the opinion herein, filed March 11, 1893.

*Hopkins & Hoskinson,* for plaintiffs in error:

The court erred in overruling the demurrer to the plaintiff's amended petition. The demurrer assigns two grounds: First, several causes of action are improperly joined; second, the petition does not state facts sufficient to constitute a cause of action. An alleged conspiracy cannot be a cause of action, but there must be acts in furtherance of the conspiracy that

injure the plaintiff to his damage, and all the conspirators would be liable for the acts of each done in pursuance of said conspiracy, and the only effect of a conspiracy is to make all the conspirators liable for damages done by acts in pursuance thereof. Forming a conspiracy is not a transaction out of which a cause of action can arise. The causes of action arising from the injuries to the personal and real property might be joined, but all the causes of action arising out of the acts performed in pursuance to the conspiracy could not be joined. *Scarborough v. Smith*, 18 Kas. 404–407; *Wurlitzer v. Suppe*, 38 id. 34. See, also, *Kimball v. Harmon*, 6 Am. Rep. 340; *Booker v. Peryear*, 43 N. W. Rep. 133; *Sheple v. Page*, 12 Vt. 519; *Smith v. Jupert*, 44 N. W. Rep. 846.

The prayer of the petition constitutes no part of the facts constituting the cause of action. *Walker v. Fleming*, 37 Kas. 171; *Hiatt v. Parker*, 29 id. 771; Pom. Rem., §§ 454, 457, 461, 580.

As against the Haskell County Bank, no cause of action is stated. The bank could not be bound by the acts of its officers, except when acting within the line of their authority, and their authority is limited by law. The power to bind the bank is fixed by law in the board of directors. Gen. Stat. of 1889, ch. 23, art. 16, § 263; *Asher v. Sutton*, 31 Kas. 286; *Pape v. Capitol Bank*, 20 id. 440; Moraw. Priv. Corp., §§ 539, 540; *Merchants' Bank v. State Bank*, 10 Wall. 604; *United States v. City Bank of Columbus*, 21 How. 365; *Wurlitzer v. Suppe*, 38 Kas. 34.

The alleged acts constituting the third and fourth causes of action were done after the original action was commenced, and constituted no cause of action at that time. *Hoye v. Raymond*, 25 Kas. 665; *Brown v. Mining Co.*, 32 id. 532.

The instructions asked by the defendant certainly present the case to the jury correctly under the pleadings and evidence in the case, so far as they went at least, and each instruction presented a single point and was applicable under the pleadings and evidence.

The court erred in giving, on its own motion, the 1st, 2d,

3d, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 11th, 12th, 13th, 14th, 17th, 18th, 20th and 22d instructions, which were severally excepted to by the defendants.

*Milton Brown*, and *Waters & Waters*, for defendant in error: ·

At no stage in the proceedings did any of the defendants, at any time, move the court to make the plaintiff separately state and number its causes of action, or to make the petition more definite and certain.

The statement in the petition, that the defendants, in furtherance of the conspiracy, had, after the suit was brought, attempted, by attachment and applications for a receiver, to to make the Bank of Santa Fé pay the $2,000 certificate of deposit, was alleged for two purposes: First, as evidential of the conspiracy; and second, as increasing the damages accruing to the Bank of Santa Fé and arising and growing out of the conspiracy and cause of action alleged in the original petition.

It was charged as one transaction, and the Bank of Santa Fé was in this suit entitled to all its damages, suffered or to be suffered, which were capable of being proved at the time of the trial, just as much as in a case where a person who has been injured by another's negligence can prove what he has suffered, what he is now suffering, and to this the jury may add what, from the proof, they believe will be suffered in the future, and then recover all and once for all. *Scarborough v. Smith*, 18 Kas. 399; *Kimball v. Connor*, 3 id. 330, 431; Sedg. Dam., 6th ed., p. 89, note 4, and p. 93; Thomp. Neg., 1256; *Railway Co. v. Pointer*, 9 Kas. 629; 18 Vt. 252; 20 Barb. 282; 36 N. H. 9; 54 Ill. 19; 18 N. Y. 534; 6 Nev. 20; 10 Mich. 460; 16 Wis. 280; 49 Ill. 211.

Counsel for plaintiffs in error complain, in a general way, that the instructions asked by them and refused by the court should have been given; and in a general way we deny it. They are not good law, and were properly refused. Several of their instructions were substantially given by the court. In their brief they attempt to impose a heavy burden on our-

selves and a heavier one on the court, in the way in which they present their allegations of error. They might just as well have said that they claim error on each page of the record, and then let the court and counsel hunt for it. The errors should be specifically pointed out. *Building Association v. Martin*, 39 Kas. 750. This court, when it reads the record, will not be on the hunt for errors lying in ambush. The 1st instruction asked by them is not good law. The 2d instruction was given substantially by the court. The 3d instruction is not good law. The 4th instruction was given substantially by the court. The 5th instruction was given substantially by the court. The 6th instruction was given substantially by the court. The 8th instruction is not good law. Their objections to the 1st, 2d, 3d, 4th, 6th, 7th, 8th, 9th, 10th, 11th, 12th, 13th, 14th, 17th, 18th, 20th and 22d instructions given by the court, we believe, are wholly immaterial. How in the world they forgot to say something about the 15th instruction given by the court we are unable to discover. This would have been the first at which we should have aimed a blow. And the next would have been the 19th, which we would have challenged; but they have also overlooked it. And the objection made to the 22d, that it nowhere tells the jury what acts of the defendants constitute fraud or defines gross negligence, is of no consequence whatever, but they failed to criticize it, on the score of measure and elements of damage, when it might, standing by itself, have been open to criticism.

The opinion of the court was delivered by

ALLEN, J.: The petition in error in this case is entitled, "The Haskell County Bank, a corporation, Charles D. Ream, F. B. Price, L. T. Armstrong, C. L. Clayton, Joseph Rosenthal, J. F. Kern and C. W. Wadsworth *versus* The Bank of Santa Fé, a corporation," and alleges that the defendant in error recovered a judgment in a certain action wherein the defendant in error was the plaintiff, and the plaintiffs in error Z. T. Wright and A. J. Hoisington were defendants. The

record shows that judgment was rendered against Joseph Rosenthal, J. F. Kern, C. W. Wadsworth, and the Haskell County Bank, and that no judgment was rendered against the other plaintiffs in error.

A motion is made to dismiss, because the petition in error recites a judgment appealed from, and no such judgment is evidenced by the pretended case-made, and on other grounds which we do not deem worthy of especial notice. On the other hand, the plaintiffs in error ask leave, not to amend the case-made, but to amend the petition in error by striking out the names of Ream, Price, Armstrong, and Clayton. We think it in the furtherance of justice that this amendment should be permitted, and the motion to dismiss the action will be overruled.

The original petition in this action was filed on September 12, 1888. An amended petition was filed on the 13th of December, 1888. The petition alleges, in substance, that the defendant the Haskell County Bank was a corporation; that defendant Hoisington was president, Wright, vice president, Kerns, cashier, and Rosenthal, secretary thereof; that both the plaintiff and the defendant banks were carrying on a banking business in the town of Santa Fé; that the defendants entered into a conspiracy for the purpose of injuring the plaintiff; that the Haskell County Bank was the holder of a mortgage for $5,000, executed by one S. P. Axtell on certain property known as "the Highland addition to the town of Santa Fé;" that the other defendants procured the defendant Charles B. Ream to come to Santa Fé and hold himself out as a person representing a syndicate of persons desiring to purchase property, and that the defendants caused it to be noised about that Ream was a man of means desiring to purchase property; that the defendant Rosenthal made a sham sale of a lot to said Ream for the pretended price of $1,000, and pretended to accept in payment therefor a certified draft on the Deposit Bank of Georgetown, Ky., drawn by said Ream; that said defendants prepared a letter of credit, purporting to be written by one Sinclair, as cashier of said De-

posit Bank of Georgetown, Ky., representing said Ream to be a man of means, and able to fill his contracts; that the defendant Wadsworth went to plaintiff's officers and represented said Sinclair to be an old schoolmate, and introduced said Ream to be a man responsible financially and morally; that through the scheme of the defendants they procured said Ream to enter into negotiations with C. D. Benton, who was secretary of plaintiff bank, for the purchase of said Highland addition; that in pursuance of their plans, the defendants caused Ream to make a pretended purchase of 100 lots in said Highland addition for the price of $3,500; that after said Ream had agreed to take said addition, he made inquiry as to the title thereto, and pretended to have learned of the existence of said mortgage, and then, for the sole purpose of inducing plaintiff to step into the trap laid for it, declined to purchase said addition unless said mortgage was released, all of which had been agreed between defendants should be his line of conduct in said matter; that thereafter Ream tendered in payment for said addition three certain sight drafts for $1,000 each and one for $500, drawn on said Deposit Bank of Georgetown, Ky., signed by himself, and offered to leave them with plaintiff and let Axtell and wife execute a deed to said lots conveying them to Ream, and leave the same with said bank in escrow until said drafts were paid, on condition that said mortgage should first be released; that plaintiff, through its officers, went to said defendant bank and inquired if it would accept said sight drafts and satisfy said mortgage to the extent thereof, but said bank refused, for the pretended reason that it was not their trade, and informed plaintiff's officers that they would accept Ream's sight draft for any property he would buy of them; that they had sold him $900 worth of property, and taken his sight draft therefor on said Deposit Bank, and that the same had been promptly met and paid; that all of said line of conduct had been previously agreed upon between the defendants; that solely because of the representations of the defendant, and relying upon them, the plaintiff agreed to and did accept said

drafts, and took a deed from said Axtell and wife to Ream to hold it in escrow, and thereupon paid to said Haskell County Bank the sum of $1,500 in cash, and issued its certificate of deposit for $2,000, and the remainder of said mortgage was raised by the investment company for which Axtell held the legal title as trustee. The drafts were drawn by Ream, and were payable at said Georgetown bank. The drafts were not paid, and the Georgetown bank promptly informed plaintiff that it had no funds belonging to Ream, nor to Price, Armstrong, or Clayton, whose names were associated with said Ream; and the plaintiff charges that each of said defendants well knew that Ream was an impostor and had no money at said Georgetown bank, and had no credit thereat, and that he was not acting in good faith, and was engaged in a scheme concocted by said defendants to procure said money out of plaintiff's bank, hoping thereby to cripple and bankrupt it and drive it out of competition with the defendants' bank. Copies of these drafts and of the certificate of deposit are attached to the plaintiff's petition, and bear date September 5, 1888. The petition then goes on to further state, and plaintiff charges —

"That since the filing of her original petition herein, defendants, pursuing their original design to destroy plaintiff's business in said town of Santa Fé, did, after plaintiff refused to pay said certificate of deposit, cause an attachment to issue from this court attaching all the property of said plaintiff, and after finding that all this could not close plaintiff's business, and for the purpose of further annoying and damaging the same, they served notice upon plaintiff that defendants would apply before Hon. A. J. Abbott, judge of this judicial district, at chambers in Garden City, Kas., for a receiver to take charge of the assets of plaintiff, thereby causing plaintiff to be at great expense in attending at said time, and rendering her liable for counsel fees thereby of the fair value of $100; and the defendants, well knowing that they had no cause to justify the appointment of a receiver, failed to appear at said time; but instead, and for the sole purpose of further injuring plaintiff's business and destroying her reputation, caused an additional notice to be served on plaintiff that they would

apply for a receiver before said judge, at chambers at Lakin, Kearny county, Kansas, distant from Santa Fé about 50 miles, and caused plaintiff to pay counsel to attend thereat, and where they again failed to appear, and for like reasons last above given, and the fair value of plaintiff's attorneys' fees were $100 therefor; and that each of said notices and said attachments were served and issued by defendants for the sole purpose of bankrupting plaintiff and driving her out of business. And plaintiff charges that, by reason of defendants' malicious and unlawful conduct, they have destroyed plaintiff's business; have caused her customers to withdraw their deposits, and their correspondents to withdraw their business; and they have robbed plaintiff of her surplus cash, and damaged the business reputation of said plaintiff until her profits have fallen off from $1,000 a month until at this time they are practically nothing."

The petition closes with a prayer (1) for the cancellation of said $2,000 certificate of deposit; (2) for $500 for attorneys' fees and expenses; (3) for the $1,500 paid; (4) for $10,000 damages. To this petition there was a demurrer, alleging (1) the improper joinder of causes of action; (2) that the petition fails to state a cause of action. This demurrer was overruled by the court, and afterward an answer containing a general denial was filed by the defendants. A trial was had before a jury, and a verdict rendered in favor of plaintiff for $2,-549.55. Motion for a new trial was overruled, and judgment entered for the amount of said verdict, and canceling said $2,000 certificate of deposit.

An elaborate brief is filed by counsel for plaintiffs in error, and the assignments of error are so numerous, and many of them are so unimportant, that under some circumstances we should feel constrained to refuse to proceed with the investigation. It is the duty of counsel to aid the court in its investigations, and not to impose upon it useless labor. Exceptions were preserved to the ruling of the court on the demurrer, to innumerable rulings on the admission of testimony, and to each of the instructions asked and refused, as well as to each of the instructions given by the court; and our attention is directed to each and all of these various alleged errors, most

of which are absolutely trivial. Two important questions are however presented in the record which we do not feel at liberty to overlook.

The first question to be considered arises on the pleadings. The defendants demurred to the petition on the ground that several causes of action were improperly joined. There is no separate statement in the petition of various causes of action, but the prayer asks judgment (1) for the cancellation of the certificate of deposit; (2) for $500 expenses in the attachment suit; (3) for $1,500 paid to the bank; and (4) for $10,000 damages. The jury were instructed, in effect, that all these matters were properly before the court for its determination. While the question as to the right of the plaintiff to obtain a cancellation of the certificate was not submitted to the jury, the instructions authorized them, in making up their verdict, if they found for the plaintiff, to include attorneys' fees, expenses in the attachment case, the $1,500 cash paid, and any other damages which the plaintiff was shown to have sustained by reason of the acts of the defendants. We think the averments of the petition sufficient to show a cause of action in favor of the plaintiff against the Haskell County Bank for a cancellation of the $2,000 certificate, but there is no averment in the petition showing that the defendants other than the Haskell County Bank had or claimed any interest in said certificate. We think the petition also stated a good cause of action for the recovery of damages from all of the defendants who were served. It also states most of the facts necessary to constitute a good cause of action for the malicious prosecution of civil actions against the plaintiff. These various causes of action were blended by the pleader throughout the petition, without any attempt at separation, and the case was tried to a finish as though such blending were proper, and the verdict and judgment include relief under all of these different causes of action. Section 83 of the code provides:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, where they all arise

out of either one of the following classes: *First,* The same transaction, or transactions connected with the same subject of action. *Second,* Contracts, express or implied. *Third,* Injuries, with or without force, to person and property, or either. *Fourth,* Injuries to character. *Fifth,* Claims to recover the possession of personal property, with or without damages for the withholding thereof. *Sixth,* Claims to recover real property, with or without damages for the withholding thereof, and the rents and profits of the same. *Seventh,* Claims against a trustee, by virtue of a contract, or by operation of law. But the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, except in actions to enforce mortgages or other liens."

So far as this was an action for the cancellation of the certificate, the only necessary or proper defendant was the Haskell County Bank; but all of the defendants seem to have been properly joined, so far as it was an action for the recovery of damages. We think these causes of action were improperly joined. In *Hoye v. Raymond,* 25 Kas. 665, Mr. Justice VALENTINE, speaking for the court, said:

"Causes of action in tort can only be united with causes of action on contract where they all arise out of the same transaction, or transastions connected with the same subject of action; but even then they cannot be united unless they all 'affect all the parties to the action,' except in actions to enforce mortgages or other liens."

This was in substance but a reiteration of the language of the section quoted. We are of the opinion that these two causes of action could not be properly united in this case. It is not necessary, however, for us to decide, nor do we decide, that if an action for damages were solely against the Haskell County Bank the court could not also have granted relief by cancellation of the certificate, where the right to obtain such cancellation accrued out of precisely the same state of facts as the right to recover damages.

It appears from the petition and the evidence that the suit brought by the Haskell County Bank on the certificate of de-

posit, and in which the attachment was issued and applications for a receiver were made, was brought after this suit was commenced. The court instructed the jury that they might include in their verdict the attorneys' fees and expenses incurred in those proceedings, and other inconveniences and injuries occasioned by the acts complained of, and that those damages which were occasioned by the acts of defendants done after this suit was brought should be included in the damages awarded in this case. Counsel for defendant in error contend that these are but items of damage flowing out of the original conspiracy, and that the plaintiff is entitled to recover all the damage it has sustained because of the conspiracy. This position is not sound. The plaintiffs' recovery must be, not for the formation of the conspiracy, but for the execution of it. It is not the planning and contriving to injure that furnish ground for recovery, but it is the carrying into execution of the design to injure which constitutes the basis of the action. It is the execution of the conspiracy which causes the injury. If we were to hold that all of these various acts, including the suing out of the attachment and the giving of notices of applications for the appointment of a receiver, were necessary parts of one complete cause of action, we should be forced to also hold that this action was prematurely brought. We think the court erred in instructing the jury that it might include these elements of damage. Perhaps, where no motion was made to strike out these averments, evidence tending to prove them might be admissible solely for the purpose of proving the defendants' motives in their actions prior to the time of the commencement of this suit, but clearly not for the purpose of awarding damages for these subsequent acts. The court having erred in its rulings on the demurrer, the whole trial was tainted with the same errors.

3. Damages— erroneous instruction.

2. Demurrer— overruling, error.

While the evidence in this case abundantly sustains most, if not all, the material averments of the petition, and shows most reprehensible conduct on the part of the defendants, and while we should be inclined to overlook trivial errors in

4 — 51 KAS.

a case of this kind, the errors in this record are so numerous, and so important, that we are forced to reverse the judgment, and remand the case for further proceedings, in accordance with the views herein expressed.

All the Justices concurring.