(29 Misc. Rep. 499.)

### KOLEL AMERICA VATIFERES JERUSALEM v. ELIACH et al.

(Supreme Court, Special Term, New York County.   November, 1899.)

1. CONSPIRACY—PLEADINGS—DEMURRER.
   A complaint alleging for a cause of action damages resulting from a conspiracy on the part of defendants in the libeling and slandering of plaintiff, and the unlawful taking of certain of its property, is not demurrable because of improperly uniting causes of action.

2. SAME.
   A complaint which, for a cause of action, alleged a conspiracy in the doing of certain acts which resulted in damage to plaintiff, is demurrable, since a conspiracy to do certain things, the doing of which caused damage, does not of itself constitute a cause of action upon which a recovery can be had.

Action by the Kolel America Vatiferes Jerusalem against Solomon J. Eliach and others.   Demurrer to complaint sustained.

M. R. Rittenberg and H. Seymour Eisman, for plaintiff.
Harold Nathan, for defendants.

BEEKMAN, J.   The defendants have demurred to the complaint on two grounds:   (1) That causes of action have been improperly united;   (2) that the complaint does not state facts sufficient to constitute a cause of action.   The first ground is not tenable.   The theory of the plaintiff is that it has stated and counts upon a single cause of action for a single tort, and that the facts set forth in the complaint, which the defendants contend exhibit a statement of several causes of action, are alleged as, and in fact constitute the elements of, the single wrong for which a recovery is sought.   It is manifest, upon an inspection of the pleading, that such was the intention of its framer, especially as, with one possible exception, the complaint does not contain all of the allegations essential to a complete statement of any of the alleged causes of action which are referred to in the demurrer as being improperly united.   Under such circumstances the court will not adopt a construction of the pleading which would impute to the plaintiff an intention to plead separate causes of action, unless, by reason of other circumstances, which are not found in this case, such a conclusion is unavoidable.   Treating the complaint, then, as one intended to set forth a single cause of action, the question arises, under the second ground of demurrer, whether it is sustainable.   Briefly stated, the complaint alleges the following facts:   That the plaintiff and the defendant the Auxiliary Relief Branch of the Russian and Polish Jewish Central Committee of Jerusalem are membership corporations organized under the laws of this state for the purpose of accomplishing the same object, namely, to assist indigent Hebrews, especially those resident

in Jerusalem and Palestine, by means of dues and donations, to be collected for that purpose, and forwarded to an organization established in Jerusalem, to be by it applied to the purposes for which such moneys were collected. Another of the objects for which such corporations were organized is to encourage and assist Zionistic movements and pilgrimages to Jerusalem, and generally ameliorate the condition of poor Hebrews in said places. It is stated that three of the defendants are members or officers of the defendant corporation, and that the three other defendants are engaged as co-partners in the publication and circulation of certain newspapers therein mentioned, which are said to be generally circulated among the Russian and Polish Jews in this city, and to be of great influence and authority with such people. It is then alleged that about 18 months before the commencement of this suit all of the defendants "entered into a conspiracy for the purpose, scheme, and design of fraudulently and feloniously reducing the collections and donations made to the plaintiff by the Russian and Polish Jews of the city of New York, and more generally of the United States of America, and of diverting the moneys formerly collected by the plaintiff to the use and benefit of themselves, and particularly of the defendant the Auxiliary Relief Branch of the Russian and Polish Jewish Central Committee of Jerusalem." Immediately following this allegation are several paragraphs containing specifications of particular acts, which it is claimed were done by the defendants "in furtherance and in pursuance of said purpose, scheme, and design." The first is that the defendants attempted to decrease the membership of the plaintiff by offering to its members what are stated to be "certain rewards and bribes," in order to induce them to abandon the plaintiff, and ally themselves with the defendant corporation. It may be said in passing that there is nothing whatsoever in the complaint to show any loss of membership on the part of the plaintiff, or that any of such attempts were in any way whatsoever successful. It is next stated that the defendants caused to be published and circulated, through the newspapers above referred to, certain articles concerning the plaintiff, the contents of which are set forth, which may be assumed to be libelous in their character, and which the plaintiff alleges "were calculated to and did injure the plaintiff seriously, and were by the defendants published and circulated for the purpose of effecting such serious injury." The next charge of misconduct is that among the methods adopted by the plaintiff for the purpose of carrying out its objects was the placing in certain stores and houses of small collection boxes, bearing upon them certain Hebrew words, the translation of which is not given, but which are stated to be of peculiar significance to religious and devout Russian and Polish Hebrews; and that, in pursuance of said "conspiracy, scheme, and design," the defendants destroyed, or caused said boxes to be destroyed, and "fraudulently and feloniously" appropriated therefrom to their own use and benefit the money contained therein. It is next charged that the defendants caused to be circulated in the newspapers above mentioned "articles to the effect, and which maliciously and wantonly stated, that the plaintiff and its officers were

in discredit and disfavor with the parent organization of the Jewish authorities in Palestine." What these articles contained is not otherwise set forth in the complaint, but it is alleged that they were false, to the knowledge of the defendants, and were maliciously and wantonly made for the purpose of injuring the plaintiff. The next and last charge is that the defendants maliciously and wantonly stated that a certain recommendation of the plaintiff and its aims and purposes, which had been given by certain rabbis of great authority with the Russian and Polish Jews in the city of New York, was a forgery in every particular. A general allegation is then made that by reason of the premises the plaintiff has been damaged in the sum of $50,000. It is difficult to escape the conclusion that the plaintiff rested in the belief that a conspiracy to do certain things, the doing of which caused damage to the plaintiff, constituted of itself a cause of action upon which a recovery could be had. Such a view, however, is a mistaken one. It is well settled that an actionable wrong must have been committed; and where it has been perpetrated by several persons, who are joined as defendants in the action, a conspiracy between them to accomplish the wrongful act may be shown, in order to enable the plaintiff to give in evidence the declarations of any one or more of the defendants against the others, made while engaged in furthering the common object, or for the purpose of connecting each defendant as an actor in the commission of the wrongful act. Lee v. Kendall, 56 Hun, 610, 11 N. Y. Supp. 131; Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376. In the case last cited, Judge Andrews says (page 467, 112 N. Y., and page 379, 20 N. E.):

"But a mere conspiracy to commit a fraud is never of itself a cause of action, and an allegation of conspiracy may be wholly disregarded, and a recovery had, irrespective of such allegation, in case the plaintiff is able otherwise to show the guilty participation of the defendant. In other words, the principles which govern an action for fraud and deceit are the same, whether the fraud is alleged to have originated in a conspiracy, or to have been solely committed by a defendant without aid or co-operation. Whenever it becomes necessary to prove a conspiracy in order to connect the defendant with the fraud, no averment of the conspiracy need be made in the pleadings to entitle it to be proved."

The principle is, I think, a general one, applicable to all actionable wrongs. In considering, then, whether a cause of action has been stated, the allegation of conspiracy is of importance only in so far as it shows the participation of all of the defendants in the wrongful act which was done to the injury of the plaintiff. That act is the foundation of the cause of action, and it is the damages resulting therefrom which measure the extent of the plaintiff's recovery. The question, then, which is here presented, is whether the complaint shows a single, indivisible wrong, for which an action will lie, or merely an aggregation of certain tortious acts, for each of which a separate action will lie for the recovery of the damages flowing therefrom. I am inclined to take the latter view. All the plaintiff shows is that certain property belonging to it has been unlawfully converted by the defendants to their own use, and that it has been libeled and slandered by said defendants. These are the wrongful

acts which have caused whatever damages the plaintiff has suffered, and redress for such injuries should be sought in actions appropriately brought for that purpose. There are no allegations showing any special or peculiar damages for which adequate satisfaction could not thus be obtained. The complaint really seems to rest upon the theory that, because of the so-called "conspiracy" of the defendants, the aggregate of the several torts alleged constitutes a single tort, for which all of the damages resulting from the several acts complained of may be recovered in this action. It seems to me that this theory is untenable, and, if sustained, would be quite mischievous in its results. It would make it possible to, in effect, unite in one complaint causes of action which the law declares may not be joined in one action, and to ignore methods of pleading and other rules concerning the trial of the issues which it would be necessary to follow if separate actions for each wrong were instituted. The learned counsel for the plaintiff lays great stress upon the case of Rich v. Railroad Co., 87 N. Y. 382, as in some way sustaining the theory of his action. That case was a very peculiar one, and radically different in its facts from the case at the bar. While it underwent a most elaborate discussion in the court of appeals, all that was really determined by it was that certain evidence which had been excluded in the course of the trial was germane to the allegations set forth in the complaint, and should have been admitted; the court holding that the proof offered could not be excluded simply because the complaint, as a whole, did not set forth a cause of action, where that point had not been raised either by demurrer or by motion on the trial. In fact, the sufficiency of the complaint was conceded by defendant's counsel, and the court of appeals therefore considered that the question was not an open one. The closing words of the opinion are significant. Judge Finch says (page 400):

"We are not concerned with the question of the wisdom of the plaintiff's choice of his form of action, or of what may result if the cause of action pleaded as a tort shall be hereafter assailed, instead of its sufficiency being conceded. * * * He is entitled to prove his cause of action if he can."

The case certainly cannot be considered as offering any material support to the plaintiff's contention here. In the case of Dueber Watchcase Mfg. Co. v. E. Howard Watch & Clock Co., 3 Misc. Rep. 582, 24 N. Y. Supp. 647, which has also been referred to, there was but one wrongful act shown which affected the plaintiff, namely, the alienation of its customers by threats on the part of the defendant of a refusal to deal with them if they continued to do any business with the plaintiff, the object of such threats being to destroy the business of the plaintiff because of its refusal to enter into a combination with the defendant to create a monopoly in the business in which both were engaged.

For the reasons which I have given, I am of the opinion that the complaint herein does not state facts sufficient to constitute a cause of action, and that the demurrer on that ground must be sustained. If the plaintiff has suffered damage from the various wrongful acts indicated in the complaint, it should seek redress in actions appropriately brought for such purpose. The demurrer is sustained on

the second ground therein stated, with costs, but with the usual leave to amend on payment of costs.

Demurrer sustained, with costs, with leave to amend on payment of costs.