(November 29, 1905.)

## KRUGER v. ST. JOE LUMBER COMPANY.

[83 Pac. 695.]

COMPLAINT—WHAT CAUSES OF ACTION MAY BE UNITED IN—PARTIES—
CAUSES MUST BE SEPARATELY STATED—JOINT DEFENDANTS.

1. Under the provision of section 4169 of the Revised Statutes, the plaintiff may unite several causes of action in the same complaint when such causes belong to one only of the classes enumerated in said section.

2. Such causes of action must affect all of the parties to the action.

3. Each of said causes of action must be separately stated.

4. Where several persons are made defendants, the complaint must contain allegations sufficient to charge them jointly.

(Syllabus by the court.)

APPEAL from District Court of Kootenai County. Honorable Ralph T. Morgan, Judge.

Action to recover damages for injury to person and property. Judgment on demurrer for defendant. Affirmed.

The facts are stated in the opinion.

Edwin McBee, for Appellant, cites no authorities on the points decided other than those considered in the opinion.

A. A. Crane, for Respondent.

It is the duty of the plaintiff to allege in his complaint the relation existing between the parties, and to show in what manner the one is liable for the act of the other. (*Torrey v. Schneider*, 74 Tex. 116, 11 S. W. 1068; 21 Ency. of Pl. & Pr. 807, 810.) A cause of action against one defendant and a cause of action against both defendants cannot be joined. (*Addicken v. Schrubbe*, 45 Iowa, 315; *Mayo v. Madden*, 4 Cal. 27; Idaho Rev. Stats., sec. 4169.) A claim for injuries to the person cannot be united with one for injuries to property. (*McCarty v. Fremont*, 23 Cal. 196.) So a claim for possession of real property and damages for its detention cannot be united with a claim for consequential

damages.    (*Bowles v. Sacramento Turnpike etc. Co.,* 5 Cal. 224.)

SULLIVAN, J.—This is an appeal from a judgment, in favor of the defendants, who are respondents here, dismissing an action brought to recover damages for injuries to the person and property of the appellant.   An injunction was prayed for enjoining the respondents from trespassing upon certain lands of appellant described in the complaint, and from cutting and removing timber from said lands, and from using a private road of plaintiff and a logging chute thereon, and from obstructing a boat landing on said land fronting on the Coeur d'Alene lake.   A demurrer to the complaint was sustained.   The grounds of the demurrer were: 1. That there was a defect and misjoinder of parties defendant; 2. That several causes of action against different individuals have been improperly joined; 3. That the complaint was ambiguous, unintelligible and uncertain; 4. That the complaint did not state facts sufficient to constitute a cause of action.

The plaintiff thereafter declined to amend, and stood on his complaint and the court entered judgment, dismissing said action.   This appeal is from the ·judgment.   The complaint contains but one count,· and the several causes of· action attempted to be pleaded are not separately stated therein.   Appellant seeks to recover damages as follows: 1. For stumpage value of logs cut on plaintiff's land, $270; 2. For injury and damages to crops and private roadway, $20; 3. For injury and damage to plaintiff's land by tree tops left thereon, $50; 4. For injury and damage to plaintiff by reason of an assault, $250; 5. For injury and damage suffered by plaintiff resulting from blockading said landing, and preventing the plaintiff from using the same and from obtaining a market for his timber and logs, and by loss of time caused by reason of the obstruction of said landing, $1,250; 6. For loss of time of plaintiff for one year by reason of the destruction of timber which could have been marketed, had the landing been unobstructed,, $350; 7. For loss of time,

to plaintiff resulting from inability to use said landing, $150. And prays for a permanent injunction and for damages aggregating $2,525, and for costs of suit.

It will be observed that the appellant seeks in this action to recover damages for waste committed on appellant's land, damages for personal injuries, damage for injuries to his property, and damage for loss of time, etc. The legislature has provided what causes of action may be united in the same complaint by the provisions of section 4169, which section is as follows: ''The plaintiff may unite several causes of action in the same complaint, where they all arise out of: 1. Contracts, express or implied; 2. Claims to recover specific real property, with or without damages for the withholding thereof, or for waste committed thereon, and the rents and profits of the same; 3. Claims to recover specific personal property, with or without damages for the withholding thereof; 4. Claims against a trustee by virtue of a contract, or by operation of law; 5. Injuries to character; 6. Injuries to person; 7. Injuries to property. The causes of action so united must all belong to one only of these classes, and must affect all the parties to the action and not require different places of trial, and must be separately stated; but an action for malicious arrest and prosecution, or either of them, may be united with an action for either an injury to the character or to the person.''

The provisions of that section are too plain to require construction or interpretation. Under its provisions, the plaintiff may unite several causes of action in the same complaint where all of such causes belong to either one of the seven classes therein mentioned, and is prohibited from uniting in the same complaint, causes of action arising under different classes or not coming within any one of said classes. The several causes of action mentioned in the complaint come or fall within the second, sixth and seventh classes mentioned in said section, to wit: 2. Claims for waste committed on real property; 6. Injuries to person; 7. Injuries to property. In the complaint before us (1) damages are demanded for an assault upon the appellant; (2) for injury

to growing crops; (3) for trespass in cutting appellant's timber; (4) for injury to appellant's land; (5) for obstructing appellant's boat landing; (6) for loss of dead timber, and time, etc. Under the provisions of said section, an action for waste on real property cannot be united with an action for damages for an assault; and an action for injuries to property cannot be united in the same complaint for damages for injuries to the person. Said section provides that causes of action united in the same complaint must all belong to only one of said seven classes, and must affect all of the parties to the action, and must be separately stated. As said causes of action belong to different classes, they cannot be united in the same complaint, and as each of said causes of action are not stated separately, the complaint fails to comply with the requirements of said section. Whatever may be the liberality claimed for our present practice act, it certainly cannot be extended to such a misjoinder of causes of action as this complaint contains; and the allegations of the complaint fail to allege or show the relations of the defendants to each other in the commission of the acts complained of.

The judgment of the lower court is affirmed, with costs in favor of the respondents.

Stockslager, C. J., and Ailshie, J., concur.

ON PETITION FOR REHEARING.

(December 31, 1905.)

Per CURIAM.—Plaintiff has filed a petition for a rehearing in this case, which we have examined with care, but we do not find that it contains any question not considered by the court in rendering the original opinion herein, and the petition will therefore be denied, and it is so ordered.