MORRIS MOSKIN, Respondent, v. FREDERICK F. LYDEN and Others, Defendants, Impleaded with WILLIAM A. PAINE and Others, Comprising the Firm of PAINE, WEBBER AND COMPANY, Appellants.

First Department, December 2, 1921.

Pleadings — complaint — conspiracy to commit actionable wrong not actionable — wrongful acts of conspirators alone give rise to cause of action — causes of action for separate torts though committed through conspiracy must be separately alleged.

A conspiracy to commit an actionable wrong is not in itself a cause of action. Wrongful acts committed by conspirators resulting in injury alone give rise to a cause of action.

Where several separate and distinct torts are committed in the carrying out of a conspiracy, each tortious act resulting in damages creates an independent, separate cause of action against one or more of the conspirators, and must be separately alleged in the complaint.

APPEAL by the defendants, William A. Paine and others, from an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 31st day of August, 1921, denying said defendants' motion to compel the plaintiff to serve an amended complaint.

*Sullivan & Cromwell* [*Philip L. Miller* of counsel; *Edward H. Green* with him on the brief], for the appellants.

*Kaye, McDavitt & Scholer* [*Harold L. Fierman* of counsel], for the respondent.

GREENBAUM, J.:

The action is one at law to recover as damages the sum of $36,250. Appellants on their brief only discuss the denial of the motion to compel plaintiff to serve an amended complaint separately stating and numbering the causes of action. The complaint is a very voluminous one.

The complaint alleges a conspiracy between the various defendants. The first twenty-nine paragraphs thereof refer to various acts of the conspirators which summarized are as follows: The procurement of a charter of the Texas Producing and Refining Company from the State of Texas based upon fraudulent sworn statements designed to deceive the Secretary of the State of Texas to induce him to grant a charter "with a fictitious and false capitalization" grossly in excess of the actual value of the assets of the corporation; the subsequent issuance of prospectuses, which falsely stated the value of the stock; the inducing of the plaintiff to purchase 5,000 shares of the stock at seven dollars and twenty-five cents per share; knowledge on the part of the defendants as to the falsity of the representations, and the purchase thereof by plaintiff in reliance upon the truthfulness of these representations.

Commencing with the 31st paragraph of the complaint, we find a series of allegations to the effect that subsequent to the plaintiff's purchase of the stock the defendants formed another corporation, known by the name of the Equitable Oil and Refining Company, to which an illegal transfer of the properties of the Texas Producing and Refining Company was made. It also alleges plaintiff's refusal to join in the attempt to transfer these properties, the declaration of an illegal dividend, and the subsequent dissipation of the assets of the company brought about by the fraudulent acts of the defendants.

Ostensibly the appellants are sought to be held liable: *First*, for the alleged fraudulent acts and representations upon which the plaintiff relied in purchasing the stock, or, as is also alleged, for recklessly and wantonly making such representations by neglecting to ascertain the truth of the statements contained in the various

prospectuses; and, *secondly*, for the acts done by the defendants after the plaintiff's acquisition of the stock.

It is quite well settled that a conspiracy to commit an actionable wrong is not in itself a cause of action. Wrongful acts committed by conspirators resulting in injury alone give rise to a cause of action. If there are several separate and distinct torts perpetrated by the conspirators, each tortious act resulting in damages creates an independent, separate cause of action against one or more of the conspirators. This rule is fully discussed in *Green* v. *Davies* (182 N. Y. 499, revg. 100 App. Div. 359).

The commission of two or more actionable torts by a single individual against another gives rise to two or more causes of action for damages for injuries resulting therefrom.

In the same way, where two or more actionable wrongs are perpetrated upon one by two or more joint tort feasors, separate causes of action against the latter may be brought. The gravamen of the action is not the conspiracy, but the injurious, wrongful acts committed by those who are charged with the conspiracy.

It may be that some of the causes of action cannot properly be united in one action, and the defendants are, therefore, entitled to have the separate causes of action separately alleged.

The order appealed from, so far as it denies the motion that the plaintiff be required separately to state and number the causes of action alleged in the complaint, must be reversed, and in other respects the order is affirmed, with ten dollars costs and disbursements to the appellants.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Order, so far as it denies motion that causes of action be separately stated and numbered, reversed, and in other respects affirmed, with ten dollars costs and disbursements to appellants. Settle order on notice.