(January 3, 1925.)

MARY CLAY DAHLQUIST, Appellant, v. THEO MATT-
SON, JOHN MAYNARD, N. B. CARPENTER, GRANT
SMITH & COMPANY, a Corporation, CHARLES C.
MONROE, GEORGE W. WELKER, JUD MAGUIRE,
WILLIAM P. HUGHES, JESSE FRANKLIN DUN-
BALD, ELSIE DUNBALD, EVERETT HARRIS,
D. L. BARCLAY and WALLACE N. SCALES, Re-
spondents.

[233 Pac. 883.]

JOINDER OF ACTIONS—CIVIL CONSPIRACY—TRESPASS—AMENDMDENT OF
PRAYER—WASTE

1. In determining whether more than one cause of action is
stated in a complaint regard should be had to the substance rather
than to the form of the complaint. A complaint may, in fact,
state different causes of action, although they are stated in the
form of one. Nor will the actual intention of the pleader control,
for the complaint may state several causes of action, although it
was intended to state but one.

2. A civil conspiracy does not in and of itself constitute a cause
of action, and only gives rise to a cause of action when acts done
by the conspirators result in actionable wrongs.

3. In an action for damages based on alleged acts of conspiracy
and forcible entry and forcible detainer or trespass, the aver-
ments of the complaint respecting the conspiracy are not of the
gist of the action; that lies in the wrongful and damaging acts
done.

4. Alleging a conspiracy to commit various wrongful acts giv-
ing rise to different causes of action falling under different subdi-
visions of C. S., sec. 6688, does not of itself permit their joinder
in one complaint.

5. The prayer is not a part of a cause of action, and if the
complaint states two or more causes of action improperly united,
a demurrer upon that ground is not avoided by merely striking the
prayer for relief under one of the causes of action improperly
united.

Publisher's Notes.
3. Gist of civil action for conspiracy, see notes in **Ann. Cas.**
1914C, 763; **Ann. Cas.** 1917E, 289.

6.   Waste is the permanent or lasting injury to the estate by one who has not absolute or unqualified title thereto.   Trespass is an injury to the estate, or use thereof, by one who is a stranger to the title.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County.   Hon. John M. Flynn, Judge.

Action for damages.   Judgment for defendants.   *Affirmed.*

Benjamin F. Tweedy and Daniel Needham, for Appellant.

Damage is the gist of an action for a civil conspiracy and, in actions for a civil conspiracy, where the acts done in effectuation of the conspiracy are tied together and shown to be a part and parcel of the accomplished conspiracy, within the common design, and done to put it over and shown to have caused the damages claimed, only one indivisible cause of action is alleged, and the courts are bound by the allegations of the pleadings, which are admitted by a demurrer, and must hold that only one cause of action is stated, to wit, a cause of action for a conspiracy.   (8 Cyc. 645, 646, 676; *Jones v. Morrison,* 31 Minn. 140, 16 N. W. 854; *Martens v. O'Connor,* 101 Wis. 18, 76 N. W. 774; *Murray v. McGarigle,* 69 Wis. 483, 34 N. W. 522; *Purcell v. Hickman,* 51 Utah, 350, 170 Pac. 784; 5 Standard Ency. Prac. 331; 12 C. J. 632.)

Where there is one cause of action, or one occurrence or transaction (and no conspiracy alleged), but resulting damages to real estate, personal property and also the person of the owner of such property, our statute authorizes recovery of all such damages in one action and forbids separate and independent actions.   (C. S., sec. 6688, subd. 7; *Weisshand v. City of Petaluma,* 37 Cal. App. 296, 174 Pac. 955.)

There is an undisputed rule of pleading a cause of action for a trespass *quare clausum,* even though no civil conspiracy is alleged, which holds that, though aggravation damages are asked, the only cause of action stated is for a trespass *quare clausum,* and that asking or seeking recovery of damages in

aggravation of the trespass can never be considered a cause of action independent of the trespass on the real estate; this being true, there is no question of a misjoinder of causes of action presented by the pleadings or the demurrers thereto in this case. (*Lassert v. Gamble*, 5 Cal. Unrep. 510, 46 Pac. 917; *Burson v. Cox*, 6 Baxt. (Tenn.) 360; *Cook v. Redman*, 45 Mo. App. 397; *May v. Western Union Tel. Co.*, 157 N. C. 416, 72 S. E. 1059, 37 L. R. A., N. S., 912; *Rucker v. McNeely*, 4 Blackf. (Ind.) 179; *Gomez v. Reed*, 178 Cal. 759, 174 Pac. 658; 38 Cyc. 1078–1085; *Freelove v. Gould,* 3 Kan. App. 750, 45 Pac. 454; *Argotsinger v. Vines*, 82 N. Y. 308; *Rauma v. Bailey*, 80 Minn. 336, 83 N. W. 191.)

Appellant's complaint states the facts showing a trespass *quare clausum*. (*Kimball v. Custer*, 73 Ill. 389; *Hatch v. Donnell*, 74 Me. 163; *Pfeiffer v. Grossman*, 15 Ill. 53; *Ridgely v. Bond*, 17 Md. 14; *Cathcart v. Matthews*, 105 S. C. 329, 89 S. E. 1021.)

Cox & Martin, Miles S. Johnson, Tannahill & Leeper, Jas. F. Ailshie, John L. Phillips, Wakefield & Witherspoon and Fred E. Butler, for Respondents.

There is a misjoinder of causes of action in the amended complaint as amended by supplemental complaint and amendments to the amended and supplemental complaints. (C. S., sec. 6688; *Kruger v. St. Joe Lumber Co.*, 11 Ida. 504, 83 Pac. 695; 5 R. C. L. 1090; *Green v. Davies*, 182 N. Y. 499, 3 Ann. Cas. 310, 75 N. E. 536; *Moskin v. Paine*, 191 N. Y. Supp. 36; *Bowman v. Wohlke*, 166 Cal. 121, Ann. Cas. 1915B, 1011, 135 Pac. 37; *Kolel America Vatiferes Jerusalem v. Eliach*, 29 Misc. Rep. 499, 61 N. Y. Supp. 935; *Lamb v. Harbaugh*, 105 Cal. 680, 690, 39 Pac. 56, 57.)

TAYLOR, District Judge.—Appellant filed an amended complaint, thereafter a supplemental complaint, and still later an amendment to the amended and supplemental complaints, charging thirteen defendants with a conspiracy "To forcibly enter upon, and to forcibly detain, the aforesaid eleven acres through the middle of the plaintiff's farm, and

other parts of the said farm close and near to the said eleven acres; and also to construct fences upon the said farm, and force and make this plaintiff accept and leave upon her said farm said fences,'' and further that ''all the acts and doings hereinafter pleaded are, and were done, in execution of the said conspiracy and as a part and parcel thereof, all said acts and doings constituting and being a part and parcel of the said conspiracy aforesaid pleaded and set forth.''

Appellant then, in each instance, by repetition, alleges the separate acts at separate times and places to be a part of the conspiracy, and alleges that, among other things, they committed the following acts:

''Cut down fences and entered the farm with force and arms, opened the farm to the public commons, exposed the crops growing thereon; tormented and annoyed plaintiff; circulated damaging reports concerning her; restrained the plaintiff; tore down and destroyed fences, forcibly entered upon the farm with materials; issued a warrant for the arrest and imprisonment of the plaintiff for contempt; arrested the plaintiff and took her to the court house; deprived the plaintiff of her liberty one and one-half days and two nights; that she was found guilty without a trial; that she was committed to jail and imprisoned; that she was intimidated and coerced; that by the imprisonment and arrest of herself and her son she could not attend to the stock and crops.''

All of these allegations are contained in the amended complaint, the first of the pleadings in the record. As injuries and damages, the appellant alleges, among other things, that because of the things done by respondent, ''her said grain became very ripe before harvested and thereby the plaintiff suffered a loss, and it was made impossible for the plaintiff to properly care for said stock upon her said farm and thereby she suffered a loss and damage''; that she is sixty-five years of age and not in good health, and has been caused distress, suffering, humiliation and has been made to worry, that the defendants have degraded her, which degradation is alleged to have been done by all of the following things: ''By making the said forcible entry upon, and

by forcibly detaining her said real estate, and by forcibly constructing fences thereupon, and by confining her in the county jail, by arresting her and denying her bail, and by keeping her under arrest and imprisonment.''

She further alleges that, ''by these things, doings and acts the defendants have injured the plaintiff, have caused her great mental distress, suffering and pain, and have degraded and humiliated her before the people and with her friends, have injured her health and mortified her, have trespassed upon her said real estate and by said trespass have damaged her, and by all the wrongs and injuries, false imprisonment, unlawful arrest, and by the said conspiracy, all of which was malicious and done with the intent and purpose of injuring, degrading, harassing, tormenting, worrying and distressing the plaintiff, the defendants have damaged the plaintiff to the amount of $90,000.''

It will be noted that by the supplemental complaint, alleging acts committed subsequent to .the filing of the original amended complaint, the appellant charges that they in effectuation, execution, accomplishment and continuation of the trespass did all the things and acts (as a part of the trespass and conspiracy or co-operation alleged in the said amended complaint) hereinafter alleged, to wit, burned and destroyed timber, dug up, excavated and ruined the eleven acres; cast, hurled and threw dirt and rocks upon and covered up about twenty acres of her land lying outside of the eleven acres, damaged and seriously injured the balance of the one hundred and sixty acres, all to the damage of the appellant in a large sum;

''That all the acts and things alleged to have been done in this supplemental complaint were deliberately, wilfully and with malice, done, by all the said defendants, and the said acts and things, in this supplemental complaint, alleged to be done as a part and parcel and in effectuation and completion of the same trespass, have humiliated the plaintiff, injured her reputation, have caused her great mental distress, and have injured and damaged her said real estate,

in all, to the amount of $25,000 in addition to the $100,000 claimed in the amended complaint.''

It will be noted that the amended complaint only asked for $90,000 damages, although recited in the supplemental complaint as $100,000, and that the supplemental complaint asks for $25,000 damage in addition to the $100,000 prayed for in the amended complaint. A demurrer in the meantime having suggested the improper joining of several causes of action, the appellant filed what her counsel term amendments to the amended and supplemental complaints. This paper does not pretend to set out any new allegations of fact, but is entirely made up of statements of counsel and the striking of matters from the amended and supplemental complaints, and statements to the effect that the pleader amends, ''by confining the action to such damages only as are recoverable under subdivision 7 of the Codes of 1919'' (meaning subdivision 7, C. S., sec. 6688). After reciting a number of phrases and words which the pleader proposes to strike, and which appear to have been stricken from the fact that they do not appear in the record at the points designated, the appellant then amends the prayer by substituting a demand of judgment, ''against the defendant for $90,000 and all costs and whatever relief at law and in equity she is entitled to against the defendants.'' She further amends the amended and supplemental complaints, to quote her language:

''So as to ask and demand no damages or relief for 'injuries to character,' and limits the damages and relief sought on both the amended complaint and the supplemental complaint, to 'injuries to property,' and 'injuries to person,' arising out of the occurrences and transactions set forth in the said amended and supplemental complaints, and expressly eliminates all damages not recoverable under the seventh subdivision of sec. 6688, Codes of 1919, as amended by the Laws of Idaho of 1913, chap. 23, page 92, and section 1, but do claim the damages recoverable under said subdivision seven.''

Appellant then proceeds to demand judgment in the sum of $115,000 and, ''all costs and whatever relief at law and

in equity the plaintiff is entitled to against each and all of the defendants."

To these pleadings the respondents, Grant Smith & Company and Jud MaGuire, filed an amended demurrer, upon the alleged ground "That several causes of action have been improperly united, to wit: claims for waste committed on real property, injuries to character; injuries to person, injuries to property, and particularly that an action for malicious arrest and prosecution and for false imprisonment has been united with an action for injury to real property."

The court thereafter sustained the demurrers of Grant Smith & Company and Jud MaGuire upon the ground stated, "that several causes of action have been improperly united, to wit: claim for waste committed on real property; injuries to character; injuries to person; injuries to property." The appellant having elected to stand upon her complaint, the court entered judgment dismissing the action as to the respondents, Grant Smith & Company and Jud MaGuire. This appeal is from that judgment.

Appellant contends that by filing answers to the amended and supplemental complaints a demurrer for misjoinder was waived. There are no answers in the record and the appellant was permitted to file a still further amendment to the amended and supplemental complaints. "Where pleadings are amended they take the place of original" (*Armstrong v. Henderson*, 16 Ida. 566, 102 Pac. 361), and the defendants had a right to file a demurrer to the final pleading.

Counsel for appellant argues at great length that "This is an action to recover damages caused by a civil conspiracy to commit a trespass *quare clausum*, and that only one cause of action is alleged, to wit, a cause of action for a conspiracy."

It must be conceded that unless this can be maintained as an action for a civil conspiracy, and unless a civil conspiracy of itself creates a cause of action, then the appellant has pleaded more than one cause of action, and causes of action which fall in classes which cannot be united under C. S., sec. 6688.

Appellant has pleaded in almost the approved language of an action in forcible entry and forcible detainer under C. S., secs. 7320 and 7321. In such an action, although not herein prayed for, unless under general relief, appellant's judgment would be for restitution of the premises, with damages occasioned by any forcible entry or any forcible detainer.

Appellant's brief recites that, "The appellant believes firmly that she has absolute right to recover against the defendants all the damages she alleges in her pleadings in this one action she has commenced against them, and does not want to commence and prosecute two or three separate and independent actions to recover the damages the civil conspiracy caused to her and her property."

The trespass committed upon the twenty-fourth day of June, alleged in the fifth paragraph of the amended complaint, was completed when, as appellant alleges, she "ordered the said defendants off of her said farm and thereupon the said defendants left the said farm and this plaintiff caused her said fence to be repaired to protect her said growing crops."

This would also have ended forcible entry or detainer. While another trespass upon realty, or those later alleged, could be joined, this would not authorize the joining therewith of an action for injury to person or character caused by an arrest and imprisonment the 17th of August, or a slander or libel, as alleged in the supplemental complaint, committed by a charge of perjury on the eighteenth day of December.

In the language of *Felt City Townsite Co. v. Felt Investment Co.*, 50 Utah, 364, 374, 167 Pac. 835, 839, "The question to be determined, under this assignment, as we understand it, is not how many causes of action can be carved out of the complaint, but are there more than one," and are they improperly united.

"Every judicial action must therefore involve the following elements: A primary right possessed by the plaintiff, and a corresponding primary duty devolving upon the de-

40 Idaho—25

fendant; a delict or wrong done by the defendant which consisted in a breach of such primary right and a duty; a remedial right in favor of the plaintiff, and a remedial duty resting on the defendant springing from his delict, and finally the remedy or relief itself. Every action, however complicated or however simple, must contain these essential elements. Of those elements, the primary right and duty and delict or wrong combined constitute the cause of action in the legal sense of the term, and as it is used in the Codes of the several states.'' (Pomeroy's Remedies and Remedial Rights, 2d ed., sec. 453.)

''The remedy is no part of the cause of action. It is the procedure by which relief is obtained. If this distinction is kept in mind confusion and misapprehension as to whether or not a complaint contains one or more causes of action will oftentimes be avoided.'' (*Felt City Townsite Co. v. Felt Investment Co.*, 50 Utah, 364, 374, 167 Pac. 835, 839.)

''Causes of action, properly speaking, are clearly distinguishable from the remedial rights to which they give rise; and since the relief demanded is no part of the cause of action, and the same cause of action may give rise to several remedial rights, the question as to whether one or more causes of action are stated is not to be determined from whether different kinds of relief are prayed for or different objects sought.'' (1 C. J. 1059.)

''The prayer for relief forms no part of the statement of the cause of action.'' (31 Cyc. 110.)

''The facts alleged and not the relief demanded, are of chief importance.'' (31 Cyc. 111.)

A civil conspiracy itself is not a tort, and until some act is done by the conspirators there arises no cause of action, and when an act is done which amounts to an actionable tort, then that is the gist of the action.

''Accurately speaking, there is no such thing as a civil action for conspiracy. . . . . The better view . . . . is that the damage sustained, and not the conspiracy, is the gist of the action. The combination may be of no consequence ex-

cept as bearing upon rules of evidence or the persons liable.''
(5 Rul. Cas. Law, 1090, sec. 41.)

''It is quite well settled that a conspiracy to commit an
actionable wrong is not in itself a cause of action. Wrongful
acts committed by conspirators resulting in injury alone
give rise to a cause of action. If there are several separate
and distinct torts perpetrated by the conspirators, each tor-
tious act resulting in damages creates an independent, sepa-
rate cause of action against one or more of the conspirators.''
(This rule is fully discussed in *Green v. Davies,* 182 N. Y.
499, 3 Ann. Cas. 310, 75 N. E. 536; reversing 100 App. Div.
359, 91 N. Y. Supp. 470.)

''The commission of two or more actionable torts by a sin-
gle individual against another gives rise to two or more
causes of actions for damages for injuries resulting there-
from.

''In the same way, where two or more actionable wrongs
are perpetrated upon one by two or more joint tort-feasors,
separate causes of action against the latter may be brought.
The gravamen of the action is not the conspiracy, but the
injurious, wrongful acts committed by those who are charged
with the conspiracy.'' (*Moskin v. Paine,* 191 N. Y. Supp.
36. See, also, *Bowman v. Wohlke,* 166 Cal. 121, Ann. Cas.
1915B, 1011, 135 Pac. 37; *Kolel America Vatiferes Jeru-
salem v. Eliach,* 29 Misc. Rep. 499, 61 N. Y. Supp. 935;
*Haskell County Bank v. Bank of Santa Fe,* 51 Kan. 39, 32
Pac. 624; *Herron v. Hughes,* 25 Cal. 555; *Taylor v. Bidwell,*
65 Cal. 489, 4 Pac. 491.)

''A party may not split up a single cause of action, and
maintain separate actions thereon, but every wrong furnishes
a cause of action. All damages arising from a single wrong,
though at different times, make but one cause of action. But
wrongs perpetrated at different times by the same or by
different persons furnish separate causes of action.'' (*Hall
v. Susskind,* 109 Cal. 203, 41 Pac. 1012, 1014.)

''We do not mean to hold that a plaintiff may not, in an
action for trespass, allege such circumstances of aggravation
as will entitle him to punitory damages, but he must plead

these circumstances in such a manner that there may be no ambiguity or uncertainty in determining that they are set forth solely for the purpose of establishing such claim. If they are pleaded in such a manner as would be proper in an action brought to recover damages other than those for the trespass, his complaint will for that reason be subject to a demurrer for misjoinder of the causes of action." (*Lamb v. Harbaugh,* 105 Cal. 680, 690, 39 Pac. 56, 57.)

"The gist of trespass is the injury to possession." (38 Cyc. 1005.) "Forcible entry or forcible detainer is something more than a mere trespass." (*Castro v. Tewksbury,* 11 Pac. 339.) "In determining this question regard should be had to the substance rather than to the form of the complaint, for a complaint may in fact state different causes of action, although they are stated in the form of one . . . . Nor will the actual intention of the pleader control, for the complaint may state several causes of action, although it was intended to state but one." (1 C. J. 1056.) "Damages and not the conspiracy itself is the gist of the action." (12 C. J. 613.)

It is not greatly material to determine whether this is an action in trespass as argued by appellant, or forcible entry and forcible detainer as equally well alleged, for in either instance, while appellant might be permitted to allege and prove, or even without alleging it, prove facts and circumstances which actually occurred as a part of the forcible entry or forcible detainer or trespass, in aggravation of damages, yet appellant would not be permitted to unite therewith a cause of action for injury to character and injury to person where the complaint plainly indicates that appellant relies neither upon the trespass, the forcible entry or the forcible detainer for her chief recovery, but upon allegations of injury to character and malicious arrest and false imprisonment, which, whether they be considered as injuries to character or injuries to person, are and were, under the circumstances alleged, torts resulting in independent causes of action, constituting appellant's chief alleged elements of damage.

This is not an action for waste and the assumption in the demurrers of Grant Smith & Company and Jud MaGuire to that effect is not well taken.

"Waste and trespass are easily distinguished. Briefly stated, waste is the permanent or lasting injury to the estate by one who has not an absolute or unqualified title thereto. Trespass is an injury to the estate, or use thereof, by one who is a stranger to the title." (*Price v. Ward,* 25 Nev. 203, 58 Pac. 849, 46 L. R. A. 459.)

The amendment made by the amendments to the amended and supplemental complaints in nowise eliminates from the complaint any cause of action pleaded therein. It is equivalent only to striking portions of the prayer. It nowhere strikes the facts alleged, or changes the allegations in so far as they still remain, setting forth causes of action for injuries to character, injuries to person, injuries to real property, injuries to personal property, malicious arrest and prosecution, slander and false imprisonment. The prayer of the complaint is left to ask for a lump sum with allegations in the complaint which support each one of these kinds of causes of action which cannot all be united in the same complaint. (*Kruger v. St. Joe Lumber Co.,* 11 Ida. 504, 83 Pac. 695.)

Since appellant sets out a cause of action for injuries to character, another for injuries to property and another for injuries to person, the fact that appellant did not include any prayer at all, or specifically stated that she did not claim anything for the injuries to character, would not make the complaint any less a joinder of these causes of action; each cause of action is therein completely pleaded, even though no prayer for relief or claim of damages is made.

We have no quarrel with appellant's point two,—"That where a plaintiff fails to prove the conspiracy alleged and does, however, prove liability against any one or more of the defendants, judgment will go against such defendants proven to be liable to the plaintiff," but this can only have application to causes of action properly joined, and is not at all in point in the matter here involved. Upon the same

theory that counsel has sought to plead here, she could, upon a simple charge of a conspiracy, set forth a cause of action arising out of each and every one of the seven subdivisions of C. S., sec. 6688, combine them all in one complaint, and failing to prove the conspiracy, still recover damages for every one of the causes of action that she could establish against such of the defendants as she could show to be liable therefor. No such procedure is known to the practice in this state; in fact, it is explicitly prohibited.

While it is true that where injuries to person and personal property arise out of the occurrence or transaction, causes of action may be united in the same complaint, and separate actions for such injuries are prohibited, the mere allegation of a conspiracy does not make a tort committed at one time, resulting in injury to realty; a tort committed at another time, resulting in injury to personal property; a tort committed at another time, resulting in injury to person, and a tort committed at another time, resulting in injury to character, a part of the same occurrence or transaction.

The conspiracy does not of itself create or give rise to a cause of action and is not an occurrence or transaction contemplated by the statute. It is only material for the purpose of showing the joinder of defendants and would be material in the matter of proof and evidence. It has, however, only the effect of making all of the defendants liable for each individual act of each of the other defendants, if the conspiracy is established. It makes them all one and accomplishes no other purpose. It, therefore, does not change the rules of pleading. One distinct tort committed by one or a dozen persons creates a cause of action; two or more distinct torts committed by one or by a dozen persons jointly, create two or more distinct causes of action, and two or more causes of action arising out of classes of wrongs falling under different subdivisions of C. S., sec. 6688, can no more be united in the same complaint by charging a conspiracy to do the acts than they could if committed by one person. The trespass committed upon lands on the 24th of June and wholly completed; a malicious

arrest or false imprisonment committed on the 17th of August, and a slander or libel committed upon the eighteenth day of December of the same year, cannot be considered as contemplated, under C. S., sec. 6688, to arise out of the occurrence or transaction so strenuously argued here to have been the trespass, nor can they be made to so arise by an allegation of a conspiracy to accomplish the purposes of the trespass.

The demurrers were properly sustained upon the ground that the amended complaint, supplemental complaint and the amendments to the amended and supplemental complaints, which constitute the complaint, improperly united several causes of action contrary to the provisions of C. S., sec. 6688, to wit: for injuries to character, injuries to property and injuries to person.

The judgment is affirmed.    Costs awarded to respondents.

McCarthy, C. J., and Budge, William A. Lee and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.