Florence Angell De Wolfe, Respondent, *v.* Abraham Abraham et al., Appellants.

Pleading — Joinder of Causes of Action. Causes of action for slander and false imprisonment cannot be united in the same complaint, even if they originated simultaneously. (Code Civ. Proc. § 484.)
*De Wolfe* v. *Abraham*, 6 App. Div. 172, reversed.

(Argued November 30, 1896; decided December 15, 1896.)

Appeal, by certification, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 17, 1896, which reversed an order of Special Term, denying plaintiff's motion to amend her complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Paul E. De Fere* for appellants.   The amendment sought to add to the complaint a new cause of action, to wit, a cause of action for false imprisonment.   This cannot be united with a cause of action for slander.   (*Anderson* v. *Hill*, 53 Barb. 238; *Goldberg* v. *Utley*, 60 N. Y. 429; *Wiles* v. *Suydam*, 64 N. Y. 173; 1 Chitty on Plead. 125–127, 134, 201.; *Krug* v. *Ward*, 77 Ill. 605; Archbold's Civ. Plead. 160; *Dodge* v. *Colby*, 108 N. Y. 452; Code Civ. Proc. § 484, subd. 9; *Perroteau* v. *Johnson*, 4 Month. L. Bull. 25; *Dragoo* v. *Levi*, 2 Duval, 520; *Cavin* v. *City of Brooklyn*, 24 Abb. [N. C.] 288; *Sullivan* v. *R. R. Co.*. 1 Civ. Proc. Rep. 288; *Teall* v. *City of Syracuse*, 32 Hun, 333; *N. Y. & N. H. R. R. Co.*, v. *Schuyler*, 17 N. Y. 604.)

*John C. Coleman* for respondent.   The proposed amendment does not constitute a union of the cause of action for slander and one for false imprisonment.   (*Buchanan* v. *Comstock*, 57 Barb. 582.)   The provisions of the Code and the law allow the proposed amendment, even assuming there is a joinder.   (Code Civ. Proc. § 723; *Viadero* v. *Viadero*, 7 Hun, 313; *Southwick* v. *F. Nat. Bank of M.*, 84 N. Y. 420; *Van Allen* v. *Gordon*, 92 Hun, 500; *Deyo* v. *Morss*, 144 N. Y. 216; *Mason* v. *Whitely*, 4 Duer, 611; *Prindle* v. *Aldrich*, 13 How. Pr. 466; *T. & B. R. R. Co.* v. *Tibbits*, 11 How. Pr. 168; *Romain* v. *Garth*, 3 Hun, 214; *Russell* v. *Conn*, 20 N. Y. 81; *Hauck* v. *Craighead*, 4 Hun, 561; *Elting* v. *Dayton*, 67 Hun, 425; *Rowell* v. *Moeller*, 91 Hun, 421.)

BARTLETT, J.   The plaintiff sued the defendants, merchants in the city of Brooklyn, for slander, alleging that at their place of business, and in the presence and hearing of a large number of people, the defendants, through their lawful agents, charged plaintiff with theft, in that she had stolen from them

a certain ring.   The plaintiff's counsel, in opening the case to the jury, stated that the alleged slander was not uttered by the defendants, or either of them, but by a clerk or salesman in their employ; that plaintiff, at the time of the slander, was falsely imprisoned by a detective of defendants, and that she sought to recover damages for false imprisonment and the slander.   Thereupon the counsel for defendants moved upon the complaint and the opening for a dismissal upon the ground that the defendants were not liable for the slander of their clerk, and that the complaint was solely for slander.

This motion was denied and the plaintiff was allowed to withdraw a juror for the purpose of applying to the Special Term for leave to amend her complaint, so as to allege a cause of action for false imprisonment against the defendants.

A motion was accordingly made at Special Term, and the justice presiding held that the proposed amended complaint contained a union of the causes of action for slander and false imprisonment, and denied the motion.

On appeal the Appellate Division reversed the order of the Special Term and allowed the amendment, holding that "injury at the same time to the person by physical violence and to the character by language may well be regarded as parts of a single tort."

The question of law is certified to us "whether under all the circumstances of the case the plaintiff should have been allowed to amend her complaint for slander by adding thereto the statement of a cause of action for false imprisonment."

We are unable to agree with the conclusion reached by the learned Appellate Division that injury at the same time to the person by physical violence and to the character by language may well be regarded as parts of a single tort.   We think to so hold is to ignore a distinction that exists in all jurisdictions where the common law is administered.

It is not necessary, however, to examine precedents, as the Code of Civil Procedure (§ 484) is decisive of this appeal.

This section provides that the plaintiff may unite in the

same complaint two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both, where they are brought to recover as set forth in nine subdivisions.

The second, third and ninth are the only ones material to this controversy.

They read as follows:

" 2. For personal injuries, except libel, slander, criminal conversation or seduction.

" 3. For libel or slander.

" 9. Upon claims arising out of the same transaction or transactions connected with the same subject of action and not included within one of the foregoing subdivisions of this section."

The section then provides generally " that it must appear upon the face of the complaint that all the causes of action so united belong to one of the foregoing subdivisions of this section."

It thus appears that the legislature has indicated with great clearness and particularity the causes of action that may be united in the same complaint.

The test is very simple, as all causes of action united must belong to the same subdivision of the section we are considering.

False imprisonment is an injury to the person and is embraced within subdivision 2, while slander is in express terms excluded therefrom and placed in subdivision 3.

The plaintiff's case is not aided by subdivision 9 of the section, which provides for uniting causes of action upon claims arising out of the same transaction.

It does not follow that two causes of action, originating at the same time, arose as matter of law out of the same transaction, or are proved by the same evidence. (*Anderson* v. *Hill*, 53 Barb. 245, 246.)

In the case cited the General Term of the Supreme Court held that causes of action for assault and battery and slander could not be united in the same complaint.

Mr. Pomeroy, in his work on Code Remedies (§ 474), in commenting on that case, says : " Two events happened simultaneously, the beating and the defamation, but neither was a ' transaction ' in any proper sense of the word. The wrong which formed a part of one transaction was the beating ; that which formed a part of the other was the malicious speaking. The plaintiff's primary rights which previously existed were broken by two independent and different wrongs. The only common point between the causes of action was one of time, but this unity of time was certainly not a ' transaction.' "

The separate and distinct nature of the causes of action of false imprisonment and slander are apparent when we apply the test, under the circumstances of the case at bar, whether the same evidence would prove the plaintiff's case.

It is obvious that it would not ; in the action for false imprisonment plaintiff must show an unlawful arrest and detention ; in the action for slander the proof would be the uttering of the slander in the presence of others, its falsity, if justified, and extrinsic evidence of malice if any existed. The measure and proof of damages in the two causes of action would be entirely different.

The order appealed from should be reversed, with costs ; the order of· the Special Term should be affirmed, and the question of law certified to us is answered in the negative.

All concur.

Ordered accordingly.