(83 App. Div. 216.)

GREEN v. DAVIES et al.

(Supreme Court, Appellate Division, First Department. May 8, 1903.)

1. TORT—COMPLAINT—MISJOINDER OF CAUSES OF ACTION—CONSPIRACY—JOINT TORT FEASORS.

A complaint alleged that defendants agreed to injure plaintiff's good name and reputation for the purpose of ruining him as a business competitor, by causing his customers to believe that he was insane and irresponsible, and ought not to be at large. It then set out the specific slanders of each defendant, alleging that they were in pursuance of and accordance with such agreement. *Held* not demurrable for misjoinder of causes of action; all the defendants being liable, as joint tort feasors, for the acts of each.

Appeal from Special Term, New York County.

Action by Asher Green against Andrew Davies and others. From an interlocutory judgment overruling demurrers to the complaint, defendants appeal. Affirmed.

The acts of defendants consisted in the circulation of slanders.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

S. Livingston Samuels, for appellants.
Laurence G. Goodhart, for respondent.

PER CURIAM. This appeal is from an interlocutory judgment overruling demurrers to the complaint. The complaint alleges, in substance, that the defendants Green and Oppenheim are members of the firm of Green & Co., and that the defendants Davies and Gorman are employés of such firm; that at the time stated the defendants entered into an agreement to injure the plaintiff in his good name and reputation for the purpose of ruining and destroying him as a competitor in business, by causing the customers of the plaintiff to believe that he was insane and not capable of attending to his business or affairs; that he was an irresponsible person, and ought not to be at large. The complaint then sets out the specific act which each of the defendants did, and alleges that such acts were in accordance with such prearranged plan, and that by reason thereof plaintiff has been damaged to the extent of $20,000.

We think the demurrers were properly overruled. There is but one cause of action stated, and that is that the plaintiff has been damaged by the united action of all of the defendants in pursuance of an agreement between them to accomplish an illegal purpose. If it be true, as alleged, that defendants did enter into an agreement to injure the reputation or business of the plaintiff by causing it to be believed by his friends or customers that he is insane, unfit to associate with, and dangerous to be at large, and in the carrying out

of the agreement he has been damaged, then all of the defendants are liable for the acts of each party to the agreement. They are joint tort feasors, and, for whatever injury has been done, each and all are liable. Rourke v. Elk Drug Co., 75 App. Div. 146, 77 N. Y. Supp. 373.

The judgment appealed from is therefore affirmed, with costs, with leave to the defendants, however, to withdraw demurrers and answer on payment of costs in this court and in the court below.