(100 App. Div. 359)

### GREEN v. DAVIES et al.

(Supreme Court, Appellate Division, First Department.   January 6, 1905.)

1. ACTIONS—MISJOINDERS.
    An action for slander and libel cannot be joined with an action for malicious prosecution and abuse of process, where they are relied on as distinct and specific causes of action.

2. CONSPIRACY—GIST OF ACTION—WRONGFUL ACTS.
    A conspiracy to do unlawful acts, which are not done, does not furnish the basis for a cause of action, but the actionable wrong consists in the doing of the acts pursuant to the conspiracy, and it is immaterial how such acts are manifested, or how many distinct acts are done, if injury is inflicted and damages are sustained by reason thereof.

3. TORTS—PARTICIPANTS—WRONG—JOINT LIABILITY.
    A concert in illegal wrong makes the wrongdoers jointly liable for the wrong, although they act singly, and without any unlawful combination.

4. ACTIONS—MISJOINDER—CONSPIRACY.
    A complaint charging a conspiracy and illegal combination, pursuant to which slanders were uttered and libels published, and plaintiff was illegally arrested and maliciously prosecuted, states but a single cause of action, and is not bad for misjoinder of causes of action.
    Ingraham, J., dissenting.

¶ 1. See Action, vol. 1, Cent. Dig. §§ 350, 418.

Appeal from Special Term, New York County.

Action by Asher Green against Andrew J. Davies and others. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

S. Livingston Samuels, for appellants.

Laurence G. Goodhart, for respondent.

HATCH, J. Upon a former appeal in this case, where the complaint was challenged by demurrer, it was held that it constituted a single cause of action, "and that is that the plaintiff has been damaged by the united action of all of the defendants in pursuance of an agreement between them to accomplish an illegal purpose." Green v. Davies, 83 App. Div. 216, 82 N. Y. Supp. 54. The complaint therein, after charging the conspiracy and illegal combination, set out overt acts committed pursuant thereto, consisting of slanderous words uttered and of libels published. The amended complaint has made no change in these averments. The only addition to the complaint is the averment of certain other overt acts done by the defendants, consisting of an illegal arrest, amounting in law to malicious prosecution, and also showing an abuse of legal process. Damages in a specific sum are averred to have flowed therefrom. The separate demurrers are all based upon the same ground. In legal phraseology, the ground is misjoinder of causes of action—slander and libel with malicious prosecution and abuse of process. The argument proceeds upon the theory that these causes of action may not be joined. Such is undoubtedly true if they be treated as specific causes of action. De Wolfe v. Abraham, 151 N. Y. 186, 45 N. E. 455. The claim is made that they must be so treated, and that such are the causes of action presented by this pleading. The question presented, therefore, is, what is the cause of action for which plaintiff seeks to recover damages. In Rourke v. Elk Drug Co., 75 App. Div. 145, 77 N. Y. Supp. 373, this specific question was presented. Therein the complaint averred the existence of a combination and conspiracy to injure. Then it proceeded to set forth the overt acts. They appeared, as averred, to consist of threats against the person, with intimidation, libels upon the plaintiff's business reputation, calculated to destroy the business, slanderous language affecting the plaintiff's business character, interfering with the advertising of such business and preventing the plaintiff from reaching customers in the ordinary way, enticing away employés of plaintiff, inducing a newspaper to commit a breach of contract with them, reducing the plaintiff's stock by purchase from those from whom the plaintiff obtained his supplies, spying upon the plaintiff's business, and other matters. Among the grounds of demurrer was that causes of action had been improperly united. In disposing of such question the court said:

"There is but one cause of action alleged. The plaintiff's grievances seem to be in the injury, of his business as druggist, caused by these defendants

doing various acts in pursuit of a single purpose, to wit, the ruin of the business of the plaintiff."

· This case is therefore decisive of the defendants' contention, and its rule was adopted by this court upon the prior appeal. It is quite easy in such an action to confuse terms. It is said that the action is an action for conspiracy. Manifestly this is not so, although it has been denominated as such in the opinion of courts. Place v. Minster, 65 N. Y. 89. That case, while making use of this term, correctly describes what the action is:

"The essence of a conspiracy, so far as it justifies a civil action for damages, is the concert or combination to defraud or to cause either injury to person or property, which actually results in damage to the person injured or defrauded."

Judge Cooley, in his Law on Torts, very aptly describes it in these words:

"It is seldom, if ever, however, that a case can occur in which a man may not have redress without counting on the joint wrong; for the injury accomplished by means of the conspiracy may be treated as a distinct wrong in itself, irrespective of the steps that led to it. The general rule is that a conspiracy cannot be made the subject of a civil action unless something is done which, without the conspiracy, would give a right of action. The damage is the gist of the action, not the conspiracy; and, though the conspiracy may be said to be of itself a thing amiss, it must nevertheless, until something has been accomplished in pursuance of it, be looked upon as a mere unfulfilled intention of several to do mischief. When the mischief is accomplished, the conspiracy becomes important, as it affects the means or measure of redress; for the party wronged may look beyond the actual participants in committing the injury, and join with them as defendants all who conspired to accomplish it. The significance of the conspiracy consists, therefore, in this: That it gives the person injured a remedy against parties not otherwise connected with the wrong. It is also significant as constituting matter of aggravation, and as such tending to increase the plaintiff's recovery." Cooley on Torts (2d Ed.) pp. 143, 144.

To the same effect is Lubricating Oil Co. v. Standard Oil Co., 42 Hun, 153. In the criminal law conspiracy is made a distinct offense (Pen. Code, § 168), but, unless the conspiracy be made to commit a felony upon the person of another, or to commit arson or burglary, the offense is not complete, unless some act be done to affect the object thereof (Id. § 171). An indictment for conspiracy, save in the excepted cases of the felonies mentioned, requires, in order to make it a good pleading, to aver the overt acts done pursuant to the conspiracy. The gravamen of the offense, however, is the conspiracy, and not the overt acts. People v. Sheldon, 139 N. Y. 251, 34 N. E. 785, 23 L. R. A. 221, 36 Am. St. Rep. 690; People v. Willis, 34 App. Div. 303, 54 N. Y. Supp. 642, affirmed on appeal 158 N. Y. 392, 53 N. E. 29. The rule of pleading in an indictment requires that the combination should be charged, the overt acts committed pursuant thereto are to be stated, and the whole of the allegations, both of combination and of overt acts, may be considered together in testing the sufficiency of the pleading. In a civil action to recover damages for injury done pursuant to an unlawful combination the rule is in most respects clearly analogous. A conspiracy to do an unlawful act or acts, which are not done,

does not furnish the basis for a cause of action, and this for the reason that the party against whom the conspiracy is leveled can suffer no damage therefrom. It is the act or acts done pursuant thereto which work the injury that makes the basis of the cause of action. Manifestly, therefore, it is entirely immaterial how or in what form the action of the conspirators manifests itself if therefrom injury is inflicted and damages are sustained. Nor can it in the slightest degree affect the cause of action whether there be a single act done pursuant to the conspiracy or a thousand. The test is, no matter what be the nature of the act, did damage and injury result to the party against whom the conspiracy was leveled? It is evident that acts done pursuant to the conspiracy may run the whole gamut of actionable wrongs, but, if they were done pursuant to the unlawful combination, they may be averred and proved, not as separate causes of action, but as means used to work injury and inflict damage. There may be absent an unlawful combination, yet a concert in illegal wrong makes such parties jointly liable for the trespass, and, although they acted singly, they may be proceeded against jointly. Stone v. Dickinson, 5 Allen, 29, 81 Am. Dec. 727. The principle is alike in both cases. In each it is the single injury which is sustained by several acts either of independent persons or of a combination to do the acts. The gist of the matter in each case comes to rest upon the injury sustained, and the cause of action is to redress the single wrong thus done. This complaint therefore states a single cause of action and not several. It should therefore be sustained as a good pleading.

The interlocutory judgment overruling the demurrer should be affirmed, with costs, with leave to the defendants to withdraw demurrer and to answer upon the payment of costs in this court and in the court below.

VAN BRUNT, P. J., and PATTERSON and LAUGHLIN, JJ., concur.

INGRAHAM, J. (dissenting). The plaintiff seeks to recover against these defendants the damages that he has sustained by reason of the defendants having unlawfully, wickedly, and maliciously caused the plaintiff to be imprisoned and deprived of his liberty upon a false charge, and having maliciously, wickedly, and unlawfully abused the process of the Supreme Court of the state of New York in and for the county of Kings for that purpose, and to oppress and injure the plaintiff, and to restrain him of his liberty, and to ruin the plaintiff in his good name and reputation, by reason and by means of false and malicious statements and of said false and malicious arrest and imprisonment and prosecution of the plaintiff; and also the damage sustained by reason of certain slanderous statements made by the defendants Davies, Gorman, Green, and Oppenheim. It is these wrongful acts of the defendants that the complaint alleges have caused the plaintiff damages for which he seeks to recover. The complaint alleges a conspiracy between the defendants to injure the plaintiff, and that these wrongful acts

were done in pursuance of that combination; but, as I read the complaint, the wrongs of which the plaintiff complains, and which have caused him the damage for which he seeks to recover, are the malicious prosecution or false imprisonment and the various slanders set forth in the complaint. The conspiracy, of itself, caused the plaintiff no damage, and would not sustain an action for damages. No matter how much these defendants combined or conspired to injure the plaintiff, so long as they did no act which injured him, no cause of action would lie; but the right to sue is based upon the wrongful acts, and the action is to recover damages caused by false imprisonment and malicious prosecution and by slanders. When the case was before this court on the former appeal (83 App. Div. 216, 82 N. Y. Supp. 54), the only allegations in the complaint were those of false imprisonment or malicious prosecution, and there was nothing then said that would justify the plaintiff in combining in one complaint a cause of action for malicious prosecution or false imprisonment and for slander, and it is conceded in the prevailing opinion that, if this action be treated as based upon false imprisonment or malicious prosecution and slander, the complaint is demurrable. De Wolfe v. Abraham, 151 N. Y. 186, 45 N. E. 455. The fact that a conspiracy is made a crime by the Penal Code does not, as I view it, give a cause of action for the conspiracy where no overt act is committed, or where no wrongful act has followed the conspiracy or combination. As I view it, it is the unlawful act that gives the cause of action, and upon which the action is based; and, as was said by Judge Cooley, cited in the prevailing opinion:

"The damage is the gist of the action, not the conspiracy. * * * When the mischief is accomplished, the conspiracy is important, as it affects the means or measure of redress; for the party wronged may look beyond the actual participants in committing the injury, and join with them as defendants all who conspired to accomplish it. The significance of the conspiracy consists, therefore, in this: that it gives the person injured a remedy against parties not otherwise connected with the wrong."

If in this complaint there were no allegations of conspiracy or combination, there would be alleged several good causes of action against the several defendants; but these causes of action could not be joined in the same complaint. The allegations of conspiracy or combination are sufficient to make all of the defendants liable for the unlawful acts of each in pursuance of the conspiracy or combination; but I think the cause of action is based upon the wrongful act causing damage, and not upon the conspiracy or combination, and we must determine whether the causes of action based upon the wrongful acts of the defendants may be united in the same complaint. It is quite clear that there cannot be. Section 484 of the Code of Civil Procedure expressly provides that it must appear upon the face of the complaint that all of the causes of action so united belong to one of the foregoing subdivisions of the section. Now, subdivision 3 is for a cause of action for libel or slander, and subdivision 2 is for a cause of action for personal injury, except slander, criminal conversation, or seduction. An action for libel or

slander, therefore, cannot be joined with a cause of action for false imprisonment or malicious prosecution. If this case should be brought on for trial upon this complaint, and the plaintiff should fail to prove the combination or conspiracy, but should prove the wrongful acts done, the false imprisonment or malicious prosecution, and the slanders uttered by the various defendants, he would still be entitled to have the question submitted to the jury, and a separate verdict rendered against each of the defendants who had been guilty of the wrong. The complaint contains allegations sufficient to sustain these separate and independent causes of action, and yet, if the action is, as claimed in the prevailing opinion, a single cause of action based upon the combination or conspiracy to injure the plaintiff's business, the plaintiff, upon failure to prove the conspiracy or combination, should be nonsuited.

I think that causes of action were improperly united, and that the demurrer should have been sustained.