THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. HARRY MARCUS, Respondent.

1. CONSTITUTIONAL LAW — RIGHT TO CONTRACT. The free and untrammeled right to contract is a part of the liberty guaranteed to every citizen by the Federal and State Constitutions. Personal liberty is always subject to restraint when its exercise affects the safety, health or moral and general welfare of the public, but subject to such restraint an

employer and employee may make and enforce such contracts relating to labor as they may agree upon.

2. CONTRACT NOT TO JOIN LABOR ORGANIZATION — PENAL CODE, § 171A, UNCONSTITUTIONAL. Section 171a of the Penal Code, which in effect is an enactment that a person shall not make the employment or the continuance of an employment of a person conditional upon the employee not joining or becoming a member of a labor organization, is an unauthorized restraint upon the freedom to contract in relation to the purchase and sale of labor and is unconstitutional.

*People* v. *Marcus*, 110 App. Div. 255, affirmed.

(Argued April 27, 1906; decided May 25, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 10, 1906, which reversed a judgment of the Court of Special Sessions in the city of New York convicting the defendant of a misdemeanor.

The facts, so far as material, are stated in the opinion.

*William Travers Jerome*, District Attorney (*Robert S. Johnstone* of counsel), for appellant. The statute is intended to prevent the employer from coercing his employee not to join or to quit a lawful labor organization, and the legislature has power to declare such action an offense. (*Davis* v. *State*, 30 Ohio L. J. 342; *Curran* v. *Galen*, 22 N. Y. Supp. 826; 152 N. Y. 33.) The statute is not intended to confer any superior rights upon members of labor organizations, but merely to secure them equal rights to which they are entitled, and to prevent arbitrary discrimination against them. (22 Am. & Eng. Ency. of Law [2d ed.], 926; *People* v. *King*, 110 N. Y. 438.)

*Elias B. Goodman*, *Ernest F. Eidlitz* and *Frederick Hulse* for respondent. The right of contract is guaranteed by the Federal and State Constitutions, and section 171a of the Penal Code contravenes both. (*F. L. & T. Co.* v. *C.*, etc., *R. Co.*, 27 Fed. Rep. 146; *Shirk* v. *Lafayette*, 52 Fed. Rep. 857; *State* v. *Good Will*, 33 W. Va. 179; *Lochner* v. *N. Y.*, 198 U. S. 45; *Wright* v. *Hart*, 182 N. Y. 330; *Shaier* v.

*N. H. & I. Co.*, 182 N. Y. 83 ; *Tyroler* v. *Warden*, 157 N. Y. 166 ; *People* v. *Gilson*, 109 N. Y. 389.)

CHASE, J.    It is provided by section 1 of the fourteenth amendment of the Constitution of the United States that " * * *. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States ; nor shall any state deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

It is provided by section 1 of article one of the Constitution of the state of New York that " No member of this state shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers."    And by section 6 of said article that no person shall " * * * be deprived of life, liberty or property without due process of law. * * *."

The free and untrammeled right to contract is a part of the liberty guaranteed to every citizen by the Federal and State Constitutions.    Personal liberty is always subject to restraint when its exercise affects the safety, health or moral and general welfare of the public, but subject to such restraint an employer and employee may make and enforce such contract relating to labor as they may agree upon.

In 1887 the legislature added to the Penal Code section 171a, as follows : " Any person or persons, employer or employers of labor, and any person or persons of any corporation or corporations on behalf of such corporation or corporations, who shall hereafter coerce or compel any person or persons, employee or employees, laborer or mechanic, to enter into an agreement, either written or verbal from such person, persons, employee, laborer or mechanic, not to join or become a member of any labor organization, as a condition of such person or persons securing employment, or continuing in the employment of any such person or persons, employer or

employers, corporation or corporations, shall be deemed guilty of a misdemeanor."

The constitutional right of the legislature to enact that section of the Penal Code is challenged by the defendant, and the question is now presented for consideration because of the arrest and conviction of the defendant for a violation thereof.

On December 1, 1904, the H. Marcus Skirt Company, a corporation, as the party of the first part, and H. Scheinbaum, as the party of the second part, entered into an agreement, the material parts of which are as follows:

" Party of the first part agrees to employ party of the second part as a piece worker, and party of the first part agrees to pay for all finished work only on each and every Tuesday. Party of the second part hereby agrees not to belong to any labor union or to take part in any strike against party of the first part, and to work as an individual in the open shop of party of the first part.

".Party of the second part further agrees that in the event of not complying with all the articles herein mentioned to forfeit to the party of the first part his money due for all work unpaid.

" Party of the second part also agrees to deposit $1.00 each week, which will be deducted from his salary until the amount reaches ten dollars; same to be held as a forfeit in the event of his not complying with all the above stipulations.

" H. Marcus Skirt Company agrees to keep party of the second part employed as long as he proves satisfactory."

Thereafter an information was filed in a Court of Special Sessions in which it alleged that the defendant is a person of said corporation and an employer of labor, and that he " did on behalf of such corporation, and as such employer of labor, coerce and compel one Hyman Scheinbaum to enter into a written agreement on the part of and from him the said Hyman Scheinbaum not to join or become a member of any labor organization as a condition of the said Hyman Scheinbaum securing employment from and continuing in the employment of the said H. Marcus Skirt Co."

On such information a warrant was issued and the defendant was arraigned and plead guilty. He thereupon made a motion in arrest of judgment upon the ground " that it appears upon the face of the information that the facts therein stated do not constitute a crime   *   *   *   that the statute upon which said information is based contravenes the fourteenth amendment of the Constitution of the United States, and is, therefore, null and void and that said statute contravenes the Constitution of the state of New York in that it restrains the right to free contract for a purpose not calculated, intended, convenient or appropriate to protect the public health or to serve the public comfort or safety."

The motion in arrest of judgment was denied and the defendant was fined five dollars, which he paid under protest, and an appeal was taken to the Appellate Division, which reversed the judgment of conviction. (*People* v. *Marcus*, 110 App. Div. 255.) From the order of reversal this appeal is taken.

The legislative intent in the use of the words " coerce or compel" in said section of the Penal Code, is apparent on reading the section. They were not intended to refer to physical violence or interference with the person of the employee. In *Lochner* v. *New York* (198 U. S. 45) the court in construing the words of section 110 of the Labor Law (Chapter 415, Laws of New York, 1897), as follows: " No employee shall be required or permitted to work in a biscuit, bread or cake bakery   *   *   *   more than sixty hours in any one week or more than ten hours in any one day," say : " The mandate of the statute   *   *   *   is the substantial equivalent of an enactment that no employee shall contract or agree to work more than ten hours per day." In the case now before us the mandate of the statute is the substantial equivalent of an enactment that a person shall not make the employment or the continuance of an employment of a person conditional upon the employee not joining or becoming a member of a labor organization. There is nothing in the information upon which the warrant against the defendant was issued to show

that there was any interference with the freedom of Schein-baum in deciding whether he would enter into the contract with the corporation.

The courts of this state recognize the right of employees and employers to organize and co-operate for any lawful pur-pose. Contracts for labor may be freely made with individ-uals or a combination of individuals, and so long as they do not interfere with public safety, health or morals, they are not illegal. The views of this court as to what constitutes free-dom to contract in relation to the purchase and sale of labor and as to what contracts relating thereto are lawful and enforce-able, were stated with much detail and ability by the members of the court when the cases of *National Protective Associa-tion* v. *Cumming* (170 N. Y. 315) and *Jacobs* v. *Cohen* (183 N. Y. 207) were decided, and the decisions in those cases are substantially controlling in the determination of this appeal.

In *National Protective Association* v. *Cumming* (*supra*) it was said that a person may refuse to work for another on any ground that he may regard as sufficient and the employer has no right to demand a reason for it, but even if the reason is that the employee refuses to work with another who is not a member of his organization, it does not affect his right to stop work or to refuse to enter upon an employment. The converse of this statement must be true, and an employer of labor may refuse to employ a person who is a member of any labor organization or he may make an employment conditional upon the person employed refraining from joining or becom-ing a member of a labor organization. It is a well-known fact that combinations of employees and also of employers require their members to do or refrain from doing many things which they deem to their individual and combined advantage while a person not a member of such an organiza-tion can act in accordance with the terms of such agree-ment as he may choose to make. A person employing labor may decide that it is to his advantage to employ only union labor and be willing to enter into an agreement necessary to procure such labor or he may decide that it is to his advantage

to employ non-union labor, in which case he may also decide that it is to his advantage to make the employment conditional upon an agreement that such employee will not join or become a member of a labor organization.

In *Jacobs* v. *Cohen* (*supra*) an employees' union sued certain manufacturing employers on a promissory note given by them as collateral security to be applied as liquidated damages for the violation of a certain agreement by which the manufacturing employers agreed not to employ any help whatsoever other than members of said labor union who should procure a pass card showing that they were in good standing in said union, and by which they further agreed to conform to the rules and regulations of said union and cease to employ any one not in good standing in said union, and by which they further agreed to many restrictive and other provisions relating to the conduct of their business, which are stated more fully in the prevailing and dissenting opinions in this court. The answer in the second separate defense alleged in substance that the contract was in restraint of trade, and that its purpose is to combine employers and employees whereby the freedom of the citizen in pursuing his lawful trade and calling is, through said contract, combination and arrangement, hampered and restricted, and that it is also for the purpose of coercing workmen to become members of a particular employees' organization under penalty of loss of position and deprivation of employment, and that it is against public policy and unlawful. Two questions were submitted to this court, viz.: "I. Is a contract made by an employer of labor, by which he binds himself to employ and to retain in his employ only members in good standing of a single labor union, consonant with public policy and enforceable in the courts of justice in this state?"

"II. Is the 'Second' separate defense, contained in the answer herein of the defendants Morris Cohen and Louis Cohen, insufficient upon the face thereof to constitute a defense?" Both of these questions were answered in the affirmative, and the court say: "Whatever else may be said

of it, this is the case of an agreement voluntarily made by an employer with his workmen, which bound the latter to give their skilled services for a certain period of time, upon certain conditions, regulating the performance of the work to be done and restricting the class of workmen, who should be engaged upon it, to such persons as were in affiliation with an association organized by the employer's workmen with reference to the carrying on of the very work. It would seem as though an employer should be unquestionably free to enter into such a contract with his workmen for the conduct of the business without its being deemed obnoxious upon any ground of public policy. If it might operate to prevent some persons from being employed by the firm, or, possibly, from remaining in the firm's employment, that is but an incidental feature. Its restrictions were not of an oppressive nature, operating generally in the community to prevent such craftsmen from obtaining employment and from earning their livelihood. It was but a private agreement between an employer and his employees concerning the conduct of the business for a year, and securing to the latter an absolute right to limit the class of their fellow-workmen to those persons who should be in affiliation with an organization entered into with design of protecting their interests in carrying on the work."

That freedom to contract which entitles an employer to make by agreement his place of business wholly within the control of a labor union entitles him, if he so desires, to require of his employees that they be wholly independent of any labor union.

The order of the Appellate Division should be affirmed.

EDWARD T. BARTLETT, J. (dissenting). I vote to reverse the order of the Appellate Division and to affirm the judgment of conviction. The freedom to contract should be untrammeled ; a person desiring employment ought not to be required to abstain from joining any labor organization, nor should he be compelled to join a labor organization.

The statute should have covered both cases.

I regard this legislation as a step in the right direction, although it was evidently drawn in the interest of labor organizations and without regard to securing absolute freedom of contract. The employer is to be protected and the employed as well. I trust the day is not far distant when to every workingman will be open all the avenues of employment whether he belongs to labor unions or other organizations, or stands alone upon his individual right to work for such a wage as seems to him just. This statute is not, in my opinion, unconstitutional, but is to be regarded as a step in the direction dictated by every consideration of public policy.

CULLEN, Ch. J., GRAY, HAIGHT, VANN and WILLARD BARTLETT, JJ., concur, with CHASE, J.; EDWARD T. BARTLETT, J., reads dissenting memorandum.

Order affirmed.