KIPP v. SIEGEL COOPER CO.

(Supreme Court, Appellate Division, Second Department. January 21, 1910.)

PLEADING (§ 193*)—COMPLAINT—UNITING DIFFERENT CAUSES OF ACTION.

Though a cause of action for assault and battery or for false imprisonment cannot be united with a cause of action for slander, where the first cause of action was clearly for assault and battery and the second equally clearly for false imprisonment, but for a stated accusation of slander, which statement was not the principal one, the complaint was not demurrable; the slander being properly pleaded to show the pretense of the arrest and maybe the malice of the actors, the false imprisonment being continuing when the words were used, and their utterance was a part of the res gestæ.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 193.*]

Action by Cornelia D. Kipp, an infant, by Elbert Kipp, her guardian ad litem, against the Siegel Cooper Company. From an interlocutory judgment overruling defendant's demurrer to the complaint, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

Mark G. Holstein, for appellant.
James Dempsey, for respondent.

THOMAS, J. The defendant demurs to the complaint upon the ground that it unites a cause of action for assault and battery (first cause of action) with a cause of action for slander combined with a cause of action for false imprisonment (second cause of action).

It is true that a cause of action for assault and battery or for false imprisonment cannot be united with a cause of action for slander (De Wolfe v. Abraham, 151 N. Y. 186, 45 N. E. 455); but I think the plaintiff has hardly done this. The first cause of action is clearly for assault and battery, and the second cause of action would be clearly for false

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

imprisonment had not the complaint (subdivision XI) stated the accusation of slander. But the statement is not the principal one, and I think that it was properly pleaded to show the pretense of the arrest and maybe the malice of the actors. The false imprisonment was continuing when the words were used, and their utterance was a part of the res gestæ.

In subdivision XII the pleader states the fact of the plaintiff's innocence, and her declaration thereof to the wrongdoers, and their persistence in their wrongdoings, and then continues the history of her detention; and subdivision XIII takes up and continues the description of the violence and the circumstances of her imprisonment. It is true that subdivision XIV states "that by reason of the said willful and unlawful accusations and actions," etc., plaintiff was subjected to great indignities; but the false imprisonment is obviously the central cause of harm charged, and subdivision XV continues and emphasizes this.

The interlocutory judgment should be affirmed, with costs. All concur.