### GARSIDE v. HOLLYWOOD et al.

(Supreme Court, Special Term, Kings County. December 7, 1914.)

1. INJUNCTION (§ 102*)—SUBJECT OF RELIEF—PERSONAL RIGHTS.

Injunction will not issue to restrain acts which, although immoral, illegal, or criminal, do not invade the civil rights of the complainant, since the subject-matter of equitable jurisdiction is civil property and civil rights.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 176; Dec. Dig. § 102.*]

2. INJUNCTION (§ 101*)—PARTIES—UNINCORPORATED ASSOCIATION.

Under Code Civ. Proc. § 1919, allowing the maintenance of an action by the president of an unincorporated association upon any cause of action, upon which all of the associates may maintain such action, the president of an unincorporated manufacturer's association may maintain suit to enjoin the members of a labor union from acts which affect the civil rights of all the members of the manufacturers' association.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 174, 175; Dec. Dig. § 101.*]

3. TRADE UNIONS (§ 8*)—CLOSED SHOPS—RIGHTS OF PARTIES.

A manufacturer has a legal right to conduct a factory as an open shop, and the laborers have an equal right to refuse to work, except in a closed shop.

[Ed. Note.—For other cases, see Trade Unions, Cent. Dig. § 6; Dec. Dig. § 8.*]

Action by John R. Garside, as President of the Shoe Manufacturers' Association of New York, against Michael J. Hollywood, as President of the United Shoe Workers of America, Cutters' Local No. 72, and others. Application for an injunction pendente lite granted.

George E. & Ernest C. Brower, of Brooklyn (Almet R. Latson, of New York City, of counsel), for the motion.

Panken & Rothenberg (Morris Rothenberg, of New York City, of counsel), opposed.

BENEDICT, J. This is an application for an injunction during the pendency of a suit brought by the plaintiff, a voluntary unincorporated association composed of 17 firms and corporations engaged in the manufacture and sale of shoes in the city of New York, boroughs of Brooklyn and Manhattan, and employing about 5,000 employés. The defendants are voluntary associations of the operators

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the factories of the plaintiff's constituents, comprising local unions, and certain individual defendants are also impleaded. The relief sought in the action is the perpetual restraint of the defendants from unlawful interference with the business of the plaintiff's constituents by means of acts of physical violence, intimidations, threats, and abuse directed against them and their employés by the defendants and their members, whereby the defendants have coerced other employés of the plaintiff's constituents, who were unwilling to join a strike called by the defendants, into leaving their employment, and by preventing other persons from accepting employment by the plaintiff's constituents to fill the vacancies thus created.

The plaintiff claims that the defendants have formed a combination, conspiracy, or federation, with an unlawful purpose, and are utilizing unlawful means to accomplish that purpose. The question presented to this court is whether the plaintiff association is entitled to an injunction pendente lite under the law as it is applicable and upon the facts as they are shown by the affidavits submitted.

[1] The subject-matter of equitable jurisdiction is civil property and the maintenance of civil rights. Injunctions do not issue to prevent acts merely because they are immoral, or illegal, or criminal, but only in case the complainant's civil rights are being invaded. 22 Cyc. 757.

[2] I think it may fairly be stated that the plaintiff is entitled to maintain an action for the restraint of an unlawful interference with, or an attempted invasion of, the rights of its several constituent members, when the acts involved would affect the civil rights or property of all the members, whatever might be the rule if the alleged unlawful acts affected only one or a few of such members (see section 1919, Civil Code); and I think, too, that the plaintiff's papers show that this action does affect the civil rights and interests of all the members of the plaintiff's association.

[3] I have examined the voluminous papers submitted upon this motion with great care, to ascertain whether the admitted facts would warrant the granting of the preliminary injunction. Not a little space has been consumed by both sides in the endeavor to prove that the plaintiff's constituents were maintaining open shops, and the defendants were insisting upon the shops being conducted as closed shops. This, however, has no very direct bearing upon the decision of this motion, for the reason that the plaintiff's constituents had a perfect legal right to insist upon conducting their shops as open shops (People v. Marcus, 185 N. Y. 257, 77 N. E. 1073, 7 L. R. A. [N. S.] 282, 113 Am. St. Rep. 902, 7 Ann. Cas. 118); and, on the other hand, it was lawful for the defendants to refuse to work for the plaintiff's constituents, unless in closed shops (Jacobs v. Cohen, 183 N. Y. 207, 76 N. E. 5, 2 L. R. A. [N. S.] 292, 111 Am. St. Rep. 730, 5 Ann. Cas. 280).

The acts complained of, if they were committed, would clearly be invasions of the rights of the plaintiff's constituents under the authorities cited upon the brief of the learned counsel for the plaintiff, and even under those cited in behalf of the defendants. Admitting

all the defendants' contentions as to the defendants' legal rights, under point 1 of their brief, the plaintiff would be entitled to an injunction restraining the unlawful acts on the part of the defendants, provided such acts are admitted or found to exist, because such acts are far in excess of the defendants' rights of striking or of peaceful picketing, or the other classes of lawful acts permitted by law, as laid down in the numerous decisions which have been made by the courts in this and other states. See People v. Davis, 159 App. Div. 464, 144 N. Y. Supp. 284. The defendants, by their answering affidavits and their verified answers, have raised an issue as to the commission of many, but not all, of the alleged unlawful acts. In my opinion, however, the papers submitted sufficiently establish, for the purpose of the present application and until the issues can be determined with more accuracy and deliberation upon the trial, the existence of an unlawful conspiracy on the part of the defendants, by proof of the adoption or ratification by them of the unlawful acts of the members of the unions.

The injunction asked for is broader in its terms than the plaintiff is entitled to, and the order to be made hereon cannot follow the notice of motion. If counsel are unable to agree upon its terms, it may be settled on notice.