(93 Misc. Rep. 337)

MAZURAJTIS v. MAKNAWYCE et al.

(Supreme Court, Special Term, New York County.   January, 1916.)

1. ASSOCIATIONS ⬦20—PARTIES ⬦95—ACTIONS AGAINST—STATUTES.

Under Code Civ. Proc. § 1919, providing that an action may be maintained against the president or treasurer of an unincorporated association on any cause of action for or upon which plaintiff may maintain an action against all the associates by reason of their joint or common interest, an action cannot be brought against both the president and treasurer of the association, though on objection the defect in making them both parties defendant might be cured by amendment on leave obtained at Special Term.

[Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 36–43; Dec Dig. ⬦20; Parties, Cent. Dig. §§ 160–166; Dec. Dig. ⬦95.]

---

2. ASSAULT AND BATTERY ⊜⇒18—ACTION—PARTIES.

Plaintiff, assaulted by members of an unincorporated association, might maintain an action individually against the members who assaulted him, as they are joint tort-feasors, and each and all liable for the injury done.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 17, 18; Dec. Dig. ⊜⇒18.]

3. ASSOCIATIONS ⊜⇒20—ACTION AGAINST—PARTIES—PLEADING.

Code Civ. Proc. § 1919, provides that an action may be maintained against the president or treasurer of an unincorporated association on any cause of action for which plaintiff might maintain an action against all the associates by reason of their joint or common interest or their joint or several liability. Section 1921 provides that, when the judgment is for a sum of money, an execution thereon must require satisfaction out of any personal or real property belonging to the association, or owned jointly or in common by all its members. Section 1922 provides that, where an action has been brought against an officer, another action for the same cause shall not be brought against the members of the association until return of execution wholly or partly satisfied, and that, after such return, an action may be maintained as if the first action had not been brought; and section 1923 permits the plaintiff in the first instance to bring his action against all the members of the association. *Held,* that an action far assault by the members and agents of an unincorporated association, brought against its president and treasurer, could not be maintained without charging that the assault was committed by all its members through the association.

[Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 36–43; Dec. Dig. ⊜⇒20.]

Action by Frank Mazurajtis, also known as Frank Mozuris, against John Maknawyce, as president, and Styaponas Karvjalis, as treasurer, of Local Union No. 54 of the Union Garment Workers of America, a voluntary association composed of more than seven members. On motion by defendant for judgment on the pleadings, dismissing the complaint. Motion granted, with leave to amend.

Meyer London, of New York City, for the motion.
D. W. Steele, Jr., of New York City, opposed.

GIEGERICH, J. The action is against the president and treasurer of an unincorporated association consisting of seven or more persons to recover damages for an assault and battery. The complaint, so far as material to the questions under consideration, alleges that at the time of the alleged assault and battery many tailors within the city of New York were on strike, and that many members of the defendant organization were strikers and participated in said strike; that the plaintiff was not one of the strikers, nor in sympathy with the strike; and "that he was assaulted, beaten, bruised, and wounded by members of the defendant organization, its agents and servants." The complaint prays for "judgment against the defendant and its several members" for a specified sum, and "that the clerk of the county of New York be authorized and directed to issue an execution against the person of all the members of the defendant organization." The defendants have moved for judgment on the pleadings dismissing the complaint.

[1] The defendants' counsel urges that the complaint is insufficient because both the president and the treasurer of the association have been sued.   Section 1919 of the Code of Civil Procedure, so far as applicable, provides:

"An action or special proceeding may be maintained against the president or treasurer of such an association to recover any property. or upon any cause of action for or upon which the plaintiff may maintain such an action or special proceeding, against all the associates, by reason of their interest, or ownership or claim of ownership therein, either jointly or in common, or their liability therefor, either jointly or severally."

It will be seen from a reading of these provisions that the action may be maintained against the president or treasurer of the association.   It cannot be brought against both, as is attempted in this case. Schmidt v. Gunther, 5 Daly, 452.   In the case just cited the action was brought against the president, treasurer, and secretary of the as- sociation, and it was held that the action was improperly brought. The court in that case said (page 453):

"The statute has provided that such an association may be sued in the name of the president or treasurer for the time being.   Laws of 1849, c. 258. *   *   *   If the action is brought under the statute, it should be brought in the mode provided by the statute; that is against the president *or* the treas- urer."

The court further said on the same page that where objection is made on the trial, and the party is advised of the defect, the court be- low has ample power to allow an amendment of the proceeding, or, if no such objection is taken in the court below, the General Term could upon appeal amend the proceeding so as to conform it to the proof. Applying that rule, the fault in making both the president and treas- urer of the defendant association parties to this action may be cured by amendment on leave obtained at Special Term.

[2, 3] The defendants' counsel further insists that this action can- not be maintained against the defendant association.   The plaintiff could have brought an action individually against the members who assaulted him, for they are joint tort-feasors, and for whatever injury they have done each and all are liable.   Green v. Davies, 83 App. Div. 216, 217, 82 N. Y. Supp. 54.   He has seen fit, however, to bring an action under section 1919 of the Code of Civil Procedure against offi- cers of the defendant association, apparently in order to reach its property for the satisfaction of any judgment he may recover, rather than take any chance of failure in the first instance to collect any judgment he might obtain against individual members.   Having thus elected to bring the action under such section, he must accept and observe the limitations imposed by its provisions.   These are clearly stated in the opinion of the court in McCabe v. Goodfellow, 133 N. Y. 89, 92, 93, 30 N. E. 728, 729 [17 L. R. A. 204], in the following language:

"The plaintiff must allege and prove, and the court must find, that all the members of the association were liable, either jointly or severally, to pay the plaintiff the amount of his claim."

Ample reasons for such requirements are to be found in the subsequent provisions of the Code. Section 1921 provides that when such a judgment is for a sum of money an execution issued thereupon must require the sheriff to satisfy the same out of any personal or real property belonging to the association, or owned jointly or in common by all the members thereof. Section 1922, among other things, provides that where an action has been brought against an officer, as prescribed in section 1919, another action for the same cause shall not be brought against the members of the association, or any of them, until judgment and issue and return of execution wholly or partly satisfied in such action under section 1919, but that after such return of execution an action may be maintained as if the first action had not been brought. Section 1923 provides that the plaintiff may, in the first instance, bring his action against all the members of the association. The requirement stated in the case last cited was reiterated in the recent case of Schouten v. Alpine, 215 N. Y. 225, 109 N. E. 244. There the plaintiff, a journeyman plumber, was expelled from a local labor union, and he appealed to the executive board of the United Association, which confirmed the action taken by the local union. The plaintiff thereupon brought an action against the president of the United Association, alleging that he was illegally expelled from membership. A verdict was rendered in favor of the plaintiff, and the judgment entered thereon was modified, and affirmed, as modified, by the Appellate Division. Upon appeal to the Court of Appeals it was held that the National Association was not liable, the court saying (page 232 of 215 N. Y., page 246 of 109 N. E.):

"This action is sought to be maintained under section 1919 of the Code of Civil Procedure. The provisions of this section, however, in an action against an unincorporated association, are limited to a cause of action for which the plaintiff might maintain an action against all the associates by reason of their liability therefor either jointly or severally, and in the event of a recovery satisfaction is to be made under subsequent provisions of the Code out of personal property belonging to the association, or owned jointly or in common by all the members thereof. It is essential, therefore, to a right of recovery in such a case that the cause of action was one for which an action might be maintained against the 30,000 members of the United Association, and for this reason we do not agree that this action is maintainable in its present form. McCabe v. Goodfellow, 133 N. Y. 89 [30 N. E. 728, 17 L. R. A. 204]."

The plaintiff cites the case of Garside v. Hollywood, 88 Misc. Rep. 311, 150 N. Y. Supp. 647, where a temporary injunction against a local labor union and certain individual defendants was granted. It does not appear, however, that that case involved the question of the right to maintain an action against the president or treasurer of an unincorporated association for a tort committed by its members through the association. So far as I can gather from the opinion in that case, only the plaintiff's right to maintain the action was discussed; it appearing that the action affected the civil rights and interests of all the members of the plaintiff's unincorporated association.

In Rourke v. Elk Drug Co., 75 App. Div. 145, 77 N. Y. Supp. 373, the right to maintain an action under section 1919 of the Code of Civil Procedure against the president or treasurer of an unincorporated as-

sociation for a tort committed by all the members acting through the association was upheld. There the complaint alleged a clear cause of action against each of the defendants to ruin the plaintiff's business; it being therein charged that all the members of the association entered into a conspiracy to accomplish that end. The court, in passing upon the sufficiency of the complaint as against the association, at page 147 of 75 App. Div., at page 374 of 77 N. Y. Supp., said:

"By the allegation of the complaint all the members of that association are severally liable, and a judgment taken against the president is good against the property of the association only. The president cannot be held on a body execution, though the action be in tort. An action in tort, however, may, I think, be maintained against the association as such, where all the members are charged with committing the wrong through the association."

A conspiracy is not charged in the case at bar, nor is it claimed that all the members of the defendant association participated in the assault and battery, or that all of them had anything to do with it, or that they procured the same to be committed through the association, or in any way ratified the unlawful act complained of. That the plaintiff did not intend to charge all the members with participation in the wrongful act is apparent from preceding allegations of the complaint, which state that "many" members of the association were strikers and participated in the strike. My conclusion is that this action cannot be maintained in its present form, because the complaint does not allege that the wrong complained of was committed by all the members through the association.

The motion is therefore granted, with $10 costs, with leave to the plaintiff to amend his complaint within 20 days upon payment of such costs. Settle order on notice.