Felix J. Aulisi, J.
This action was tried at a Trial Term with a jury on June 2, 1958, and at the conclusion of the plaintiff’s case, a motion was made by counsel for the defendants for a mistrial on the ground that one of the defendants attempted to influence one of the jurymen. The motion was granted by the Trial Judge and the parties have stipulated to have me determine the rights and liabilities of the parties on the record of the afore-mentioned trial before the jury.
The complaint of the plaintiff Alfred Bedard alleges that on or about the 15th day of August, 1957, the defendants, Roger La Bier, Harold La Bier, Floyd Sears and Raymond Castine conspired together and maliciously and willfully entered into a scheme and formed the deliberate design and purpose to injure the plaintiff and damage his property. That in pursuance of said conspiracy and scheme, the said defendants, or one or more of them, did on the 15th day of August, 1957, willfully and maliciously and without any just cause or provocation, assault and beat the plaintiff, and struck him several blows and kicked him, thereby causing the plaintiff to suffer injuries and damages.
There was also a cause of action for conspiracy to damage plaintiff’s truck, and that defendants in pursuance of such scheme, damaged plaintiff’s truck by placing sugar or other foreign substance in the gasoline tank thereof. This cause of action, however, was withdrawn by the plaintiff at the commencement of the trial.
*615 An examination of the facts as revealed by the evidence at the trial shows that plaintiff, Alfred J. Bedard, was employed by the Clinton County Dairymens Co-Op. of Plattsburgh, New York. That on August 15, 1957, the plaintiff arrived for work at about 7:55 a.m. That when the plaintiff drove up to park his car, he saw another vehicle come up behind him and park. According to the testimony of plaintiff, one of the occupants of the car, shouted to him “ We want to talk to you Bedard ”. The plaintiff thereupon waited and the defendants Roger La Bier and Harold La Bier got out of the car, walked up to Bedard and Roger La Bier said “You damn scab, you ain’t drawing milk today ”, and Bedard answered “ I am no scab ”. Whereupon Roger La Bier started striking Bedard with his fist. Bedard fell to the ground and was being kicked while trying to drag himself away from underneath a conveyor, which according to the testimony of one of the witnesses for the plaintiff, was only inches away from Bedard and La Bier. At this point some men rushed from the milk plant and Roger La Bier and Harold La Bier left. The proof showed that the car contained defendants Roger La Bier, Harold La Bier, Floyd Sears and Raymond Castine, and at no time during the altercation did anyone except Roger La Bier and Harold La Bier leave the car.
A worker at the plant testified that he witnessed the incident from a large window that overlooked the parking area where the incident took place; said that he saw Roger La Bier strike the plaintiff and watched the plaintiff fall to the ground from the blow. The defendant, Roger La Bier, denied striking Bedard, but rather, that Bedard “took a poke at me”, after which Roger La Bier returned the favor with a slap across the mouth. That after Roger La Bier slapped plaintiff, the plaintiff ran into the conveyor. According to the testimony of the defendant, Roger La Bier, the conveyor was four or five feet away from the spot where the blows were exchanged.
Dr. George Gonyea, plaintiff’s physician, testified that plaintiff suffered a cerebral concussion, a fracture of the right malleolar bone, swollen and discolored eyes, bruises about the forehead and elbow with lacerations and other bruises of the forearm. That he also suffered contusions and bruises in the back of the left chest in the region of the shoulder blade.
It seems to me more believable, from the testimony of all the witnesses, that the injuries received by the plaintiff were suffered at the hands of the defendant Roger La Bier, rather than from the conveyor, and that the attack was provoked by Roger La Biev.
*616 Preponderance of proof only requires that evidence on one side shall outweigh in probability evidence offered in contradiction thereof (Commissioner of Public Welfare of City of N. Y. v. Ryan, 238 App. Div. 607).
The case made by the plaintiff charging the defendants with conspiring against the plaintiff, proceeded on the testimony of the defendants. The defendant Roger La Bier called as a witness on behalf of plaintiff, testified that he along with the other defendants, were riding around in a car on the morning of August 15, and in his words “We was out on the road to catch the scabs, so we dumped them when we got them That in their search they met a Mr. Ernest King, who was delivering a load of milk. According to the testimony of the defendants, Mr. King stopped his truck in pursuance to a prior agreement between Mr. King and the defendants; Mr. King allowed the defendants to dump him (his milk), and Mr. King was to pay the defendants $10 each for this action. However, Mr. King instead of paying them, turned them over to the police and the defendants subsequently pleaded guilty to malicious mischief.
Testimony was also elicited that Harold La Bier and Roger La Bier stopped at the Castine and Sears home and invited them to go along for the purpose of keeping milk from getting to the market.
The burden of proof is upon the plaintiff to establish by a fair preponderance of the evidence that the defendants did act in concert and conspired to bring about the assault that was dealt the plaintiff.
Conspiracy need not be established by direct evidence of the acts charged against defendants. It is sufficient if the minds of the parties meet understandingly so as to bring about an intelligent and deliberate agreement to do the acts charged, although such agreement be not manifested by any formal words. Concurrence of sentiment and co-operative conduct in an unlawful enterprise, and not formality of speech, are the essential ingredients of conspiracy. The concurrence of will which is essential to the offense may be proved by direct or circumstantial evidence or both. The fact may be inferred where the parties are apparently pursuing the same object, whether acting separately or together, by common or different means, all leading to the same unlawful result.
Conspiracies from their very nature are usually entered into in secret, and are consequently difficult to be reached by positive testimony and this renders it necessary and proper to permit them to be inferred from circumstances. A common design *617 is the essential essence of a conspiracy and though it is not essential to one’s liability for ensuing damages that he shall have joined in the beginning, or should have complete knowledge of all aims of the conspirators or take part in each branch of the conspiracy or even that he know of all steps taken toward the common design, it is necessary that there be intentional participation with a view to furtherance of the common design.
Manifestly, it is entirely immaterial how or in what form the action o.f the conspirators manifests itself if therefrom injury is inflicted and damages are sustained. Nor can it in the slightest degree affect the cause of action whether there be a single act done pursuant to the conspiracy or a thousand.
The test is, no matter what the nature of the act, did damage and injury result to the party against whom the conspiracy was leveled?
There may be absent an unlawful combination, yet a concert in illegal wrong makes such parties jointly liable for the trespass, and although they acted singly, they may be proceeded against jointly (Place v. Minster, 65 N. Y. 89; Conner v. Bryce, 170 N. Y. S. 94; Green v. Davies, 100 App. Div. 359; Loewinthan v. Beth David Hosp., 9 N. Y. S. 2d 367; Ballantine v. Ferretti, 28 N. Y. S. 2d 668; 15 C. J. S., Conspiracy, § 2, pp. 997-998).
With these elements in mind, can it not be said that plaintiff has made out a case against all the defendants? It seems to me that the circumstances surrounding the activities of the defendants on the date in question are fertile with the inferences of the fact of conspiracy and the ultimate assault on the plaintiff and sufficiently connects the defendants, Sears, Castine and Harold La Bier with the assault dealt by Boger La Bier and charges them with the acts and declaration of the co-conspirator, Boger La Bier (National Drama Corp. v. Burns, 183 N. Y. S. 739, affd. 194 App. Div. 959; Burgess Bros. Co. v. Stewart, 112 Misc. 347).
Upon all the testimony, I, therefore, find and conclude that the plaintiff is entitled to recover the sum of $3,600 against the defendants and that judgment in his favor be entered accordingly.
This opinion may be treated as the decision of the court pursuant to section 440 of the Civil Practice Act.